BIGELOW, (FOREMAN v.) See Case No. 4,934.

## Case No. 1,400.
### BIGELOW et al. v. LOUISVILLE.
[3 Fish. Pat. Cas. 602.] [1]
Circuit Court, D. Kentucky. July, 1869.

PATENTS — LICENSE TO CONTRACTOR — ROYALTY— LIABILITY OF THOSE CLAIMING THROUGH THE CONTRACTOR.

1. Where a city agreed with contractors for a certain patented pavement, and the exclusive licensee of the patentee agreed with the contractors that they might proceed to execute their contract without charge or responsibility to the patentee or to him, but at the same time notified them that he would not release the city, but would look to and require it to pay him royalty, [not, however, notifying the city to that effect,] held: That this reservation was of no effect, because inconsistent with the license to the contractors. He could not authorize them to use the patented process without relieving them from responsibility for an infringement, and the very act of relieving them relieved the city.

2. The relieving of the parties primarily liable, by a universal rule of law as well as of justice, relieves those who are only secondarily responsible.

This was an action on the case, [by George T. Bigelow, administrator, etc., of Samuel Nicholson and Walter R. Davis, against the city of Louisville, and was] tried by the court, without a jury, to recover damages for the infringement of letters patent for an "improvement in wooden pavements," granted to Samuel Nicholson, August 8, 1854, reissued December 1, 1863, and extended for seven years from August 8, 1868. This patent is more particularly referred to in the report of Nicholson Pavement Co. v. Hatch, [Case No. 10,251.] The facts in the case are specially found by the court.

George W. Weisinger. for plaintiffs.

J. Graham Moore and Joshua F. Bullitt, for defendant.

BALLARD, District Judge. This cause having been heretofore submitted to the court, and the evidence and arguments of counsel having been heard, it appears to the court that this is an action brought by the administrator of Samuel Nicholson, deceased, against the defendant, for the violation of the deceased's patent right in a certain new and useful "improved wooden pavement." The defendant has pleaded not guilty, and

___

[1] [Reported by Samuel S. Fisher, Esq.; and here reprinted by permission.]

the parties have filed a stipulation in writing, in conformity to the statute, waiving a jury, and agreeing that the issue might be tried and determined by the court.

I shall proceed to find the facts specially, so that the party feeling himself aggrieved by the judgment which shall be rendered may seek redress by proper proceedings in the supreme court. I find:

1. That letters patent were regularly issued by the United States to the plaintiff's intestate, on August 8, 1854, for a new and useful "improved wooden pavement;" that the patent was surrendered and reissued December 1, 1863, and that this last was surrendered and reissued August 20, 1867.

2. That the general council of the city of Louisville, by resolution approved March 4, 1867, directed the mayor to advertise for bids, and to contract for the improvement, with the Nicholson pavement, of Jefferson street, from the west line of Fifth to the east line of Seventh streets, and that the mayor did make the required advertisement.

3. That on April 24, 1867, the defendant entered into a contract with Duckwall & Troxell, by which the latter, for a consideration to be paid by the former, agreed to improve the portion of street above mentioned with the Nicholson pavement, the work to be done under the supervision of the city engineer.

4. That the patentee, on June 7, 1867, executed to Walter R. Davis a writing of the following tenor, to wit: "To all whom it may concern: I, the undersigned, Samuel Nicholson, of Boston, state of Massachusetts, being the patentee of a certain patent granted to me by the United States, for improvements in wooden pavements, dated August 8, A. D. 1854, and reissued to me by letters dated December 1, A. D. 1863, do hereby grant an exclusive license unto Walter R. Davis, now of the city of Louisville, in the state of Kentucky, his heirs or assigns, to lay said pavement in the said city of Louisville, on condition that he shall, without delay, proceed to procure contracts for paving in the said city, and that he shall pay to me, or to my legal representatives, monthly, or as often as measurements of the pavement put down shall be made, a royalty or patent fee in cash at the rate of sixteen cents per square yard, superficial measurement, he may lay or permit others to lay in the said city of Louisville. And I hereby agree that this license may continue in full force during the term of my present patent. In case the said Davis or his assigns, or such person or persons as he may authorize to lay said pavement by virtue of this license, shall neglect or refuse to prosecute said work, or shall not use proper efforts and diligence in obtaining contracts therefor, or shall conspire or connive with other parties, in any manner, at any time, to prevent the adoption of said patented pavement in the said city of Louisville, or to delay the construction of the same therein, to the damage of the said patent and the injury of the said patentee, or shall neglect or refuse to pay said fee or royalty to said patentee, as herein agreed to be paid, then the said Nicholson, or his legal representatives or assigns, may terminate this license by giving ten days' notice of his intention to do so, and of the cause for which the same is to be revoked, such notice to be given in writing and directed to the said Walter R. Davis, and deposited in the Boston office."

5. That, after the granting of said license, and before Duckwall & Troxell had laid any of the pavement under their contract, but after they had graded a portion of the street and procured some of the material necessary for the making of the pavement, the said Davis notified them of his "exclusive license," but agreed with them that they might proceed to execute their work, without charge or responsibility to the patentee or to him, in consideration that they would allow him to superintend the execution of the work as far as might be consistent with their contract with the city. He, however, at the same time, notified them that he would not release the city, but would look to and require it to pay him royalty.

6. That after the date of the reissued patent, and before its expiration, the contractors laid said pavement according to the process and method described in said patent, and that the licensee, Davis, superintended the work so far as to see that it was done well, and according to the specifications of the patent.

7. That the motives which induced Davis to allow Duckwall & Troxell to use the patented process were: First, a desire not to interfere with their contract; second, a desire to commend the patented pavement to the city of Louisville, with the hope of thereby inducing it to improve in the same way other streets; third, an expectation that he could thus license Duckwall & Troxell to use the patents, and yet hold the city liable.

8. It does not appear that the city had any notice of the purpose of Davis to hold it responsible until after the work was done.

9. It is conceded that if the plaintiff is entitled to recover anything, he is entitled to two thousand one hundred dollars in damages. I shall not decide the important question raised by counsel whether or not the patent of Nicholson covers the product as well as the process; nor that other important question, whether the city could be liable for using the patent when it only contracted with others for a price to be paid to supply it with the product made under its superintendence; nor still that other difficult question, whether or not Walter R. Davis is the "assignee," the "grantee," or only the "licensee" of the patentee.

It is immaterial whether the writing vested in Davis the exclusive right of making and using the thing patented in the city of Louisville, or only gave him a license with

power to license others, for even if it be such a license, the power conferred therein to license others gives to a license granted by him the same effect as if it had been granted by the patentee himself. Duckwall & Troxell contracted to lay down a Nicholson pavement, and, if they could not do so without infringing Nicholson's patent, or without paying him "royalty," still they were bound to perform this contract or to respond to the city in damages. The city did not undertake to supply them with the right to lay down the required pavement. Its mayor, it is true, advertised for bids for the making of the Nicholson pavement, but the city had the right to suppose that those who bid or contracted, would come clothed with authority to do the required work, or at least that they would obtain such authority before commencing it. The just expectation of the city was, in fact, realized. The contractors did, before they used any part of the patented process, before they had laid any of the alleged patented pavement, obtain a valid license to use the invention from Davis, who had the right to use, and to license others to use the invention in this city.

The reservation, by Davis, that he would hold the city liable for the "royalty," especially as it was not notified to the city, was of no effect, because inconsistent with the license he had granted to Duckwall & Troxell. He could not authorize them to use the patented process, without thereby relieving them from responsibility for an infringement, and the very act of relieving them relieved the city, conceding that it would have been liable had no license been obtained. The relieving of the parties primarily liable, by a universal rule of law, as well as of justice. relieves those who are only secondarily responsible. In my opinion, the claim of the patentee in the case, which is, in fact, the claim of Davis, has no more foundation than if Davis himself had been the contractor instead of Duckwall & Troxell; and, had he been the contractor, I imagine such claim must have struck even him as so obnoxiously unfounded that he would not have asserted it. Let judgment be entered for the defendant.