### INGERSOLL v. TURNER and another.

(*Circuit Court, D. New Jersey.*   June 5, 1877.)

1. PATENT No. 119,705—CUSPIDORS—ANTICIPATION—VALIDITY.

    Letters patent No. 119,705, granted October 10, 1871, to E. A. Heath, for improved metallic *cuspidor*, *held, anticipated* by letters patent No. 106,094, granted August 2, 1870, to William H. Topham, for *improved spittoons*, and therefore *invalid*.

In Equity.

*Whitney & Betts*, for complainant.

*Charles F. Blake*, for defendants.

NIXON, D. J.   This is a suit in equity to restrain the infringement of letters patent No. 119,705, issued to E. A. Heath on the tenth day of October, 1871, for a metallic cuspidor.   The bill of complaint prays for an injunction, account, and assessment of damages.   The answer denies that Heath was the original and first inventor of the alleged improvement in cuspidors described and claimed in his letters patent, but that he was anticipated by one William H. Topham, to whom letters patent were granted on the second of August, 1870.   The word "cuspidor" is derived from the Portuguese verb *cuspo*, to spit; *cuspidor*, a spitter.   The English cuspidor is a spittoon of a peculiar form.   Not much stress, therefore, can be laid upon the fact that Topham calls his patent "an improvement in spittoons," and Heath calls his "an improvement in cuspidors."   The difference between a spittoon and a cuspidor is one of form, and the form of the cuspidor is not new.   The characteristic and valuable feature of both articles is their self-righting quality, arising from their weighted bottoms.   The functions of the weighted bottom in each are the same, and Topham's has the merit of being the older.   It is in evidence that he made *papier mache* cuspidors with weighted bottoms as early as June or July, 1871, anterior to the date of the patent to Heath.   What, then, has Heath done?   He has improved a cuspidor by increasing the weight of the bottom, whereby it is rendered

less liable to upset, using the same means that Topham applied to spittoons, and producing the same results. He has substituted sheet-metal for other, and it may be less appropriate, materials for the manufacture, but there was no invention in the mere change of material. And his method of construction, to-wit, the putting together the cuspidor in three pieces, is so obvious that nothing was claimed for it in the patent, and nothing ought to have been. Any skilled mechanic would naturally adopt it without the exercise of inventive talent.

As the defendants justify under the Topham patent there must be a decree in their favor, and it is ordered accordingly.