## Case No. 7,039.

INGERSOLL v. JEWETT et al.

[16 Blatchf. 378; 4 Ban. & A. 361; 9 Reporter, 105.] [2]

Circuit Court, N. D. New York. June 5, 1879.

---

[1] [Reversed in Case No. 2,276.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 361, and here republished by permission. 9 Reporter, contains only a condensed report.]

A. T. Compton Attlebury and Frederic H. Betts, for plaintiff.

Charles F. Blake, for defendants.

WALLACE, District Judge. The proofs taken under the bill, plea and replication present the question of the effect of a former adjudication against the validity of the complainant's patent. The plea sets up this former adjudication as an estoppel in favor of the present defendants. The bill charges infringement, by the defendants, of letters patent [No. 119.705] granted to Eugene A. Heath, bearing date October 10th, 1871, for an improvement in metallic cuspidors. The plea alleges, that. in June. 1875, the complainant filed a bill, in the United States circuit court for the district of New Jersey, against Mary Turner and William Turner, for an infringement of the same patent; that the Turners were licensees, under letters patent granted to William H. Topham, bearing date August 2d, 1870, and reissued July 29th, 1873, which embodied the invention described in the complainant's patent; that Topham assumed the defence of the suit; and that it was therein adjudged by the court, that Topham was the original and first inventor, and that the complainant's patent was void for want of novelty. [7 Fed. 859.] The plea further alleges, that the present defendants are licensees of Topham, and are manufacturing the article described in Topham's patent.

The proofs show, that the present defendants became licensees of Topham in October, 1874; and this fact is decisive against the defendants' position, that the decree in the former suit precludes the complainant from maintaining the present action, and renders it unnecessary to look into the proofs, to ascertain whether, as matter of fact, Topham was a party or privy to the former suit.

Assuming that Topham was a party to the former suit, in the sense that every person is a party who has a direct interest in the subject-matter of the suit, and who is permitted, although not named in the record, to control its prosecution or defence, the present defendants cannot avail themselves of a decree in his favor. The defendants, as licensees of Topham, have an interest carved out of Topham's grant, analogous to that of a lessee of real estate, and are privies in estate with Topham; and if prior to the time they acquired their license, it had been adjudged, in a suit between Topham and the complainant, that Topham's grant, under his letters patent, was valid, and that of the complainant was invalid, that adjudication would have been conclusive, as an estoppel.

It is essential to the operation of an estoppel, that it be mutual. and, in considering the effect of a former judgment, which is invoked as an estoppel, if it be found that it would not be conclusive upon the rights of the parties, had it been adverse to the party invoking it, instead of in his favor, this consideration will be decisive against its efficacy. Therefore, in this case, if it is clear, that, had the former judgment sustained the complainant's patent and defeated Topham's, yet, nevertheless, the present defendants would not be concluded by that adjudication, it must follow, that the complainant is not concluded, as against these defendants, by that judgment.

Estoppels are sometimes said to be odious. and no one would dispute the truth of the aphorism, if a defendant, who had acquired a vested right in real or personal property, could be deprived of his right by the result of a suit brought subsequently, to which he was not a party. and in which he could not be heard. Judgments are binding upon privies as well as upon parties; but this rule is to be understood with the qualification, that only those are privies, within the meaning of the rule, who acquire their interest in the subject-matter of the suit subsequent to the suit. It is stated, in Freeman on Judgments (section 162). to be well understood. "that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit. A tenant in possession prior to the commencement of an action of ejectment cannot. therefore, be lawfully dispossessed by the judgment. unless made a party to the suit. The assignee of a note is not affected by any litigation in reference to it. beginning after the assignment. No grantee can be bound by any judgment in an action commenced against his grantor subsequent to the grant; otherwise. a man having no interest in property could defeat the estate of the true owner." As tersely put by Judge Selden, in Campbell v. Hall, 16 N. Y. 575, 579, the rule relative to estoppel "can have no application, except where the conveyance is made after the event out of which the estoppel arises." See. also, Doe v. Earl of Derby, 1 Adol. &

E. 783, and Winslow v. Grindal, 2 Greenl. 64.

If the former suit had been decided against Topham, the defence of the invalidity of the complainant's patent would still be open to the defendants, and the complainant would not be permitted to say to the defendants—"I have deprived you of your rights as licensees, by a litigation with your grantor, to which you were not a party, commenced after your license was granted"; and, because of this, the defendants cannot now insist that their rights as against the complainant are conclusively established by a judgment which could not enure to the advantage of the complainant, if it had been in his favor instead of being adverse. Judgment is ordered for the complainant.