## CONSOLIDATED ROLLER-MILL CO. *v.* GEORGE T. SMITH MIDDLINGS PURIFIER CO.

*(Circuit Court, E. D. Michigan.   October 7, 1889.)*

1. COURTS—COMITY—FORMER ADJUDICATION.
   While one court will ordinarily, as matter of comity, defer to the opinion of another court of co-ordinate jurisdiction with regard to the validity of a patent, it is too late to call upon it to do so after it has come to a different conclusion, and entered a decree in ignorance of the prior adjudication.

2. PATENTS FOR INVENTION—RES ADJUDICATA.
   A decree declaring the invalidity of a patent is not a proceeding *in rem*, and does not prevent the same or a different plaintiff from prosecuting a suit against another defendant, and establishing its validity upon the same or different evidence.

3. SAME—INFRINGEMENT.
   Patent No. 222,895, to William D. Gray, for an improvement in roller grinding mills, does not cover a machine having no lever or swinging arm which may be raised or lowered for a vertical adjustment, and no rod corresponding to the rod, G, of the Gray patent, and fitted at either end with devices for horizontal adjustments.

*(Syllabus by the Court.)*

On Motion for Preliminary Injunction.

This was a bill in equity to recover damages for the infringement of letters patent No. 222,895, issued to William D. Gray, December 23, 1879, for an improvement in roller grinding mills. The invention covered by the patent was stated in the preamble to consist "in a peculiar construction and arrangement of devices for adjusting the rolls vertically, as well as horizontally, whereby any unevenness in the wear of the rolls, or in their journals or bearings, may be compensated for, and the grinding or crushing surfaces kept exactly in line;" "and also in the special devices for separating the rolls when not in action, and in other details." The defense raised upon this motion is fully stated in the opinion of the court.

*George H. Lothrop*, for plaintiff.

*Parker & Burton*, for defendant.

BROWN, J.   A preliminary objection in the nature of a plea of *res adjudicata* is taken by the defendant against the issue of this injunction. Prior to the opinion of this court in the case of *Roller-Mill Co. v. Coombs*, 39 Fed. Rep. 25, sustaining the validity of the plaintiff's patent, a bill had been filed in the western district of Wisconsin by one Allis against Freeman to compel the defendant to desist from using a machine which was claimed to infringe several patents, among which was the Gray patent, upon which this suit is based. A decree was made dismissing the bill;[1] and it would appear from a letter of the learned judge to the solicitors, put in evidence in this case, that the court was of the opinion that the Gray patent had been anticipated by an English patent to one Lake, and hence was invalid for want of novelty. It appeared that plaintiff in that case claimed and perfected an appeal to the supreme court from

[1] No opinion filed.

this decree, and the cause was docketed in that court in October, 1887. Subsequently, this appeal was dismissed upon the motion or by the consent of the appellant.

Had the decision of the court in that case been called to our attention at the time the *Coombs Case* was argued, it is quite probable that, out of the usual comity obtaining among courts of co-ordinate jurisdiction in this class of cases, we should have waived our own views, and deferred to it; so far, at least, as it covered the issues involved in that case. It seems, however, that the reason for dismissing the bill in the Wisconsin case was not then known, and no stress was laid upon it in the argument of the *Coombs Case*. Having expressed our own opinion of the patent in that case, it is now too late to claim that, as matter of comity, we ought to follow the Wisconsin case. It is equally clear that it does not create a case of estoppel. Not only is no record produced showing upon what ground the bill was dismissed, but neither the plaintiff nor defendant in this suit were parties to that. A decree declaring the invalidity of the patent is in no sense a proceeding *in rem*, and does not prevent the same or a different plaintiff from prosecuting a suit against another defendant, and establishing its validity upon different, or even upon the same, evidence. This precise thing was done in *Ingersoll* v. *Jewett*, 16 Blatchf. 378, which was also a bill in equity for the infringement of a patent. In defense, it was argued that the plaintiff had previously filed a bill against different parties for an infringement of the same patent, the defense of which had been assumed by one Topham, under whom the defendants in that suit, as well as the defendants in the suit under consideration, were licensees. It was held by Judge WALLACE that, assuming that Topham was a party to the former suit, the defendants could not avail themselves of the decree in his favor upon the ground that there was a want of mutuality in the estoppel. The same ruling was made by Mr. Justice BLATCHFORD in respect to the same decree in *Stamping Co.* v. *Jewett*, 18 Blatchf. 469, 7 Fed. Rep. 869. The facts of the present case are much more conclusive against the estoppel, as neither of the parties to this suit were parties or privies to the case of *Allis* v. *Freeman*.

2. In the case of *Roller-Mill Co.* v. *Coombs*, 39 Fed. Rep. 25, we had occasion to consider the Gray patent in issue in this case, and came to the following conclusions:

(1) That it had not been anticipated by the Lake Nemelka patent, or by any other of the devices offered in evidence, and that the second, third, fourth, and fifth claims were valid.

(2) That the patentee was not debarred from the benefit of the doctrine of mechanical equivalents by the fact that his original claims for a combination of a vertical and horizontal adjustment by any method had been rejected by the patent-office, and he had accepted restricted claims in their place.

(3) That the Mawhood machine, containing, as it did, all the elements of the patentee's combination, though differently arranged and located, and with a lever of a different order, was an infringement of the Gray patent.

It was not, however, intended to decide that the Gray patent covered all methods of horizontal and vertical adjustments, or methods of making such adjustments by means essentially different from those employed by the patentee. Indeed, this could not have been done without disregarding the limitations put by the patent-office upon the original claims, as well as the state of the art as it existed at the time the patent was issued. Other methods of adjusting rolls, both vertically and horizontally, existed before Gray filed his application, and in at least one there was a combination of both adjustments as applied to the same roll. That the defendant has produced a machine which accomplishes the same results as the plaintiff's will not be seriously disputed, and the only question is whether it has accomplished them by the same, or by an essentially different, device. These results are four in number: (1) A vertical adjustment at each end of the movable roll; (2) the horizontal grinding adjustment, by which the distance between the two rolls is kept precisely the same while the rolls are in operation; (3) a spring device, by which the rolls are made to yield to a breaking strain whenever a nail or other hard substance enters between them; (4) a stop and holding device, by which the rolls are spread apart when not in operation, and are thrown together again without a new adjustment.

To accomplish these results, the patentee makes use of—*First.* Two rolls, one of which is fixed, and the other adjustable. His specification also seems to contemplate that both rolls may be made adjustable, but in what manner is not stated. Indeed, it is difficult to see how this could be done without taking away from the combined devices applied to the other roll some one of the elements, which would destroy the integrity of the combination. *Second.* An upright, swinging arm at each end of the adjustable roll, upon the pivot of which the roll is moved in a vertical direction. *Third.* A rod, G, at one end of which are devices for the grinding adjustment, and a spring urging the upper end of the arm inward, but yielding to a breaking strain, and at the other end the stop and holding devices for the spreading adjustment. In defendant's machine both rolls are adjustable. To one is attached the spring and a nut and eccentric for vertical adjustment, and to the other the grinding adjustment and the stop and holding device. There is no lever or swinging arm, but the journals of both rolls rest upon horizontal shafts, one of which may be raised and lowered for the vertical adjustment, and the other of which slides forward and back, carrying the second roll to and from its fellow. There is no rod, G, fitted at either end with the several devices for horizontal adjustment, and nothing properly corresponding to it, since the shaft attached to one of defendant's rolls corresponds about as nearly with it as the one attached to the other. If we were to attempt to locate it, we should have to say that it was divided into two separate parts, by one of which the vertical adjustment is accomplished; while in plaintiff's patent this adjustment is made by means of a swinging arm, and not by means of the rod. This rod, and the upright swinging arm, we regard as of the essence of the plaintiff's patent. Should defendant's device be adjudged an infringement, we

should not know where to draw the line, providing the defendant's device accomplished the four results.   This, evidently, was not the scope of the Gray patent, since the original claims for the combination of those adjustments had been rejected by the commissioner.   While the sliding support might be, under certain circumstances, a mechanical equivalent for the swinging support, in view of the state of the art, and the limitations upon plaintiff's claims, we cannot consider it so in this case.   Under the view we have taken, we find it unnecessary to consider the claims separately.   The departure of the defendant's machine from the underlying theory of the plaintiff's is too radical to require us to descend to details.   We are clear in our opinion that the injunction should be denied.