## WARREN FEATHERBONE CO. v. DE CAMP et al.

(Circuit Court, N. D. Illinois, E. D.    January 31, 1907.    Rehearing Denied
May 14, 1907.)

### No. 27,110.

**1. JUDGMENT—PERSONS CONCLUDED—PRINCIPAL AND AGENT.**

An exclusive sales agent for an article alleged to infringe a patent, who became such agent pending a suit against his principal for the infringement, was in privity with such suit, and a decree therein declaring the patent void is a bar to a suit against him for its infringement, based on his sales as such agent, and commenced while the former suit was still pending.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1218.]

**2. SAME—PLEADING—DEFENSE OF RES JUDICATA.**

A defense of res judicata in an equity suit should properly be raised by plea, or where it arises after answer by a supplemental answer; but it may be considered, although raised informally by an amended answer, filed by stipulation of the parties, and to which no objection is made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1787–1790.]

In Equity.    On final hearing.

Offield, Towle & Linthicum, for complainant.

Lysander Hill and Guthman & Rothschild, for defendants.

KOHLSAAT, Circuit Judge.    This suit is brought to restrain defendants from infringement of patent No. 559,827, owned by complainant, and for an accounting.    The bill was filed February 5, 1904. Previously, and on December 15, 1902, complainant herein brought suit upon the same patent against the American Featherbone Company for infringement, which suit was decided by the Circuit Court of Appeals on or about August 1, 1905, in which decision the patent was declared invalid and the injunction refused, reversing the finding of the Circuit Court, and ordering the bill dismissed for want of equity.    While said last-named suit was still pending, defendants herein filed their answer, setting up that defendants were agents merely of the American Featherbone Company, and other defenses.    After said decision of the Court of Appeals, and on August 29, 1906, leave was given defendants to file an amended answer, upon stipulation of the parties.    Whereupon they further answered by setting up the said decision and judgment of the Court of Appeals, and claiming that, being in privity with the defendant in that suit, complainant herein was estopped from further maintaining this suit against them.    Proofs were taken, and the cause proceeded to time of final hearing.    When the cause was called, defendants made a motion to dismiss the bill for want of equity upon the grounds above set out.

From the record it appears that the Court of Appeals found said patent invalid upon the ground that the device of the patent had been publicly manufactured, sold, and used by complainant in that suit for more than two years prior to the filing of the application for the patent therein and herein in suit.    It also appears that defendants herein were operating under a written agreement made by defendant De

Camp with the American Featherbone Company, dated October 15, 1903, and that all the acts complained of were performed in pursuance of that agreement. Among its provisions were the following, viz.:

"The party of the second part [defendant herein] during the term of this contract shall have the exclusive agency as jobbers and selling agents (wholesale) for the sale of Featherbone, and all goods manufactured and sold by the party of the first part" in and for certain enumerated states.

"All goods sold by the party of the second part shall be charged by the party of the first part on its books direct to the customer, and all such accounts shall be carried by the party of the first part direct with the customer; it being expressly understood and agreed that the party of the first part shall have the right to accept or reject any order received from the party of the second part and may refuse to ship any goods so ordered or to accept any such order for any reason, as the party of the first part shall see fit. And in consideration of the party of the second part carrying out his agreements in this behalf, the party of the first part agrees to pay him as commission on any and all such sales, the difference or excess of the price charged to the customer over and above sixty (60) per cent. of the list price of the party of the first part, first deducting from said excess, however, all delivery charges. * * * "

From the foregoing, it is evident that defendants were the sales agents of the American Featherbone Company, and in privity with it. It is a well-established principle of law that, where the subject-matter of a cause of action has been once determined in a court of final jurisdiction by a final decree, not procured by fraud or collusion, another suit cannot be maintained between the same parties or their privies on the same cause of action, if the question of res adjudicata is properly raised by the pleadings. Pratt v. Griffin, 223 Ill. 349, 79 N. E. 102; New Orleans v. Citizens' Bank, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202; Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195.

Undoubtedly, the act of an agent constitutes a separate infringement, and subjects him to an independent suit, and had the American Featherbone Company been held liable on the former action, or had that suit not been disposed of upon the merits, defendants, if found to be infringers, could have been held in the present suit. That, however, is not the question here. As between complainant herein and defendants' principal, the patent in suit has been adjudicated void. Manifestly, complainant herein could not again pursue the American Featherbone Company upon the same subject-matter. It is plainly res adjudicata. Under the decisions, that defense inures to the benefit of those in privity with the latter company. That defendants are in privity with the American Featherbone Company, and entitled to the benefit of the former adjudication, seems incontestable. In the case of Lea et al. v. Deakin, 11 Biss. 23, Fed. Cas. No. 8,154, Judge Drummond held that a decree rendered by the Master of the Rolls, in England, refusing an injunction, and dismissing a bill in equity brought against the principal of the defendant in the case before Judge Drummond to restrain the infringement of an alleged trade-mark, and which was not appealed from, was a complete bar to a suit brought in this country for the same purpose by the same complainants against the agent of the defendants in the English suit.

In Robinson on Patents, § 920, it is said that "no act of a mere agent is infringement, unless it would be such if personally perpetrated

by his principal," citing Bigelow v. City of Louisville (1869) 3 Fish. Pat. Cas. 602, Fed. Cas. No. 1,400. It is the doctrine of the text-books, approved by the Supreme Court of the United States in the case of Dull v. Blackman, 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733, that no one is privy to a judgment, whose succession to the rights of property thereby affected occurred previously to the institution of the suit. This was applied to a patent case by the Circuit Court of Appeals for the Second Circuit in the case of Carroll v. Goldschmidt, 83 Fed. 509, 27 C. C. A. 566, and by Judge Wallace in Ingersoll v. Jewett, 16 Blatchf. 378, Fed. Cas. No. 7,039. The defendants in the first-named case set up the defense of res adjudicata, claiming to be in privity with one W., who was, in a prior suit by the same complainant, decreed to be the owner of the patent in suit. This contention was overruled upon the ground that they had purchased the alleged infringing devices prior to the commencement of the former suit, and were therefore not privies. The decision in 16 Blatchf. 378, Fed. Cas. No. 7,039, dealt with the rights of licensees. It would seem that a very different rule should be applied to a sales agent who, as in this case, was the commercial arm of the American Featherbone Company—a vital part of the very business transactions which the court found to be lawful. Whether this be so or not is not, however, involved in this case, since it conclusively appears from the record herein that defendant entered upon his duties as such sales agent, and committed all the acts complained of subsequent to the institution of the original suit. As above stated, the suit by the complainants herein against the American Featherbone Company was instituted December 15, 1902. The contract under which defendant operated bears date October 15, 1903. Clearly, defendant must have entered into the employment of said American Featherbone Company charged with knowledge of the then pending suit. He was in position to win or lose with his principal, and his relation to that suit invested his case with that mutuality which is an essential element of estoppel.

Whether defendants have, by proper pleadings, placed themselves in position to take advantage of the defense of res adjudicata, arising subsequent to the filing of the bill, is matter for consideration. Defenses such as here interposed should properly be interposed by plea, since it goes to the whole subject-matter. In the present case, the facts upon which it is based arose subsequent to the filing of the answer. There is authority for holding that it should have been raised by supplemental answer. 1 Am. & Eng. Ency. of Pl. & Pr. 499; Story, Equity Pleading (10th Ed.) § 903; 1 Daniell, Chy. Pleading & Practice, p. 781. It is clearly not matter ordinarily raised by amendment, since it was not in existence at the time of the filing of the bill. But it must be remembered that complainant stipulated that the answer be amended, and an order was entered upon this stipulation allowing the amendment. If the amended answer contained matters not contemplated by the parties at the time of the signing of the stipulation, the proper objection should have been made. No such objection was made. On the contrary, complainant thereafter filed its replication to the amended answer. Moreover, as was said in Hardin v. Boyd, 113 U. S. 756–761, 5 Sup. Ct. 771, 28 L. Ed. 1141:

"In reference to amendments of equity pleadings, the courts have found it impracticable to lay down a rule that would govern all cases. Their allowance must, at every state of the cause, rest in the discretion of the court. * * * In passing upon applications to amend, the ends of justice should never be sacrificed to mere form, or by too rigid an adherence to technical rules of practice."

The objection that only one of the defendants filed an amended answer is sufficiently explained by the fact that the two defendants were originally partners, and that defendant Anderson had retired from the partnership more than five months previous to the commencement of the suit.

While the whole record is before the court, the hearing upon that part of the issues raised, which sets up res adjudicata, seems to me to have shown so conclusively that the complainant cannot maintain this suit that I do not deem it necessary to pass upon the merits of the subject-matter. It was unnecessary to interpose a motion to dismiss. The court on final hearing finds that the matter in suit, as well as the rights of the parties, were disposed of, in the former suit against the American Featherbone Company, and that therefore the subject-matter of this suit is res adjudicata as between the parties hereto.

The bill is therefore dismissed for want of equity.