CLIP BAR MFG. CO. v. STEEL PROTECTED CONCRETE CO.

(District Court, E. D. Pennsylvania.   September 11, 1913.)

No. 1,091.

1. PATENTS (§ 327*)—SUITS FOR INFRINGEMENT—EFFECT OF PRIOR ADJUDICA-
        TIONS.
        An adjudication of the invalidity of a patent in one circuit does not ren-
    der the question res judicata except as between the parties to the suit,
    nor prevent the bringing of other suits for infringement against different
    defendants in other circuits.
        [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec.
    Dig. § 327.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 76*)—UNFAIR COMPETITION—INTERFER-
        ENCE WITH BUSINESS OF ANOTHER.
        Notices of claims of infringement given by the owner of a patent to
    customers of a manufacturer of a similar article, or even threats of suit,
    if in good faith, are within its rights and not actionable as acts of unfair
    competition.
        [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec.
    Dig. § 76.*]

In Equity.   Suit by the Clip Bar Manufacturing Company against the Steel Protected Concrete Company.   On motion for preliminary injunction.   Denied.

E. Hayward Fairbanks, of Philadelphia, Pa., for plaintiff.

Henry N. Paul, Jr., and Joseph C. Fraley, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.   The plaintiff moves for a preliminary injunction to restrain the defendant from making representations to the plaintiff's customers that defendant's patent No. 727,233 declared invalid in a suit brought by the defendant against the Central Improvement & Contracting Company in the Circuit Court for the Eastern District of Louisiana (155 Fed. 279), affirmed by the Circuit Court of Appeals in 158 Fed. 1021, 85 C. C. A. 7, is valid, or being

infringed by the plaintiff or its customers, and from threatening orally or in writing the plaintiff's customers with threats of litigation for infringement of its patent.

It appears from the bill and the affidavits that the plaintiff is manufacturing and selling a metallic curb guard constructed in accordance with the disclosure in the defendant's patent, and that the defendant has, during the period from February, 1912, down to August, 1913, notified customers of the plaintiff and parties manufacturing the guard for the plaintiff, orally and by letters, that the guard infringes its patent and that it intended to bring suit in this district against such alleged infringers. It further appears that on July 9, 1913, the defendant filed a bill in equity in this court against James Kane charging infringement of the patent and praying for an injunction, an accounting, and damages.

[1] The plaintiff's position is that the notices to the plaintiff's customers of defendant's claims of infringement and its threats of litigation constitute acts of unfair competition in trade; that the Circuit Court for the Eastern District of Louisiana having adjudged the patent invalid, and the Circuit Court of Appeals for the Fifth Circuit having affirmed the decree of the Circuit Court, the patent must be deemed invalid and the subject-matter thereof public property, and that the defendant should be enjoined from assertion of any rights thereunder through notices of claims of infringement to the plaintiff and its customers. While, in view of the doctrine of comity and of the importance of having uniformity of adjudication as to patents, the decree of a court in another jurisdiction is regarded as persuasive and entitled to respect, yet a decree declaring the invalidity of a patent is in no sense a proceeding in rem, and the plaintiff is estopped by such decree as res judicata only as to the parties to the suit and their privies. Such decree does not prevent the same or a different plaintiff from bringing a suit against another defendant and establishing its validity upon different or even upon the same evidence. Ingersoll v. Jewett, 16 Blatchf. 378, Fed. Cas. No. 7,039; Stamping Company v. Jewett (C. C.) 18 Blatchf. 469, 7 Fed. 869; Consolidated Roller-Mill Co. v. Purifier Co. (C. C.) 40 Fed. 305; Imperial Bottle Cap & Machine Co. v. Crown Cork & Deal Co., 139 Fed. 312, 71 C. C. A. 442.

[2] It nowhere appears on the record that the notices given to the plaintiff's customers were not in good faith or that they were false or malicious or for the purpose of destroying the business of the plaintiff. To the contrary, the defendant, so far as appears, believing its claims to be valid, has proceeded to bring suit in this district to establish infringement. Under these circumstances, it must be held for the purposes of the present motion that the defendant is acting within its rights. Adriance, Platt & Co. v. National Harrow Co., 121 Fed. 827, 58 C. C. A. 163; Mitchell v. International Tailoring Co. (C. C.) 169 Fed. 145; Virtue v. Creamery Package Mfg. Co., 179 Fed. 115, 102 C. C. A. 413; United Electric Co. v. Creamery Package Mfg. Co. (D. C.) 203 Fed. 53; Farquhar Co. v. National Harrow Co., 102 Fed. 714, 42 C. C. A. 600, 49 L. R. A. 755.

The motion for preliminary injunction is denied.