**INDUSTRIAL MODELS CORP. v.
KURTZ et al.**

No. 9096.

United States District Court
E. D. Michigan, S. D.

March 29, 1951.

See also, D.C., 93 F.Supp. 336.

Thomas S. Donnelly, Detroit, Mich., for plaintiff.

Harness, Dickey & Pierce, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

Defendants filed motion for summary judgment of dismissal in this patent infringement suit on the ground that Claims 5 to 11, inclusive, of the patent involved in this suit were the subject of an earlier suit against another defendant and were adjudged invalid on September 21, 1946, by Judge Lederle of this court, and that plaintiff failed either to appeal from that decision or file a disclaimer within a reasonable time after notice of such invalidity.

On the necessity of a disclaimer of claims previously adjudicated invalid, the Supreme Court of the United States expressed itself in the case of Ensten v. Simon, Ascher & Co., 282 U.S. 445, 455, 51 S.Ct. 207, 210, 75 L.Ed. 453, as follows:

"In certain definitely defined circumstances and to the end that the mistaken but honest inventor may obtain relief from the old rule (that a patent with an invalid claim was wholly void), the disclaimer provisions permit him to deprive the public temporarily of complete freedom from the assertion of a monopoly apparently valid, but not so in fact. When a competent court has declared his pretensions without sufficient foundation, we think good faith and the spirit of the enactment demands that he act with such promptness as the circumstances permit *either to vindicate his position or to relieve the public from further evil effects of his false assertion.* But for the benign

provisions of the statute, such an assertion would invalidate the whole patent; and these provisions (35 U.S.C.A. §§ 65, 71) were intended to protect only those who by prompt action either seek to overturn an adverse ruling or retreat from a false position."

In opposition to defendants' contention that plaintiff was under obligation, under the ruling in the above case, to either vindicate its position by exhausting all appellate channels open to it, or to disclaim the invalid claims within a reasonable time, plaintiff cites Consolidated Roller-Mill Co. v. Smith Middlings Purifier Co., C.C., 40 F. 305, and Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co., 2 Cir., 18 F.2d 66, in which the appellate court held that the patent owner could relitigate validity of the patent in a suit against another defendant. No appeal from the earlier decision was taken in either case. Those decisions were rendered by lower courts long before the Supreme Court ruled on the subject-matter in the Ensten v. Simon, Ascher & Co. case.

The Ensten v. Simon, Ascher & Co. case was followed in E. L. Bruce Co. v. Bradley Lumber Co., D.C., 79 F.Supp. 176, and in Laufenberg, Inc., v. Goldblatt Bros., 7 Cir., 179 F.2d 832, as to necessity to either appeal or disclaim. In Pennington Engineering Co. v. Spicer Mfg. Corp., 6 Cir., 165 F.2d 59, it was held that a concession of invalidity of claims in a prior suit required a disclaimer within a reasonable time. In that suit failure to disclaim one claim, which was not a material or substantial part of the thing patented, was held not to invalidate the entire patent. In the case at bar, Claims 5 to 11, inclusive, formed the entire subject-matter of the prior suit which adjudicated the claims as invalid. Plaintiff, in the case of Messler v. U. S. Rubber Co., D.C., 53 F.Supp. 76, was granted leave to amend his complaint to include a claim adjudged invalid, but the second suit was commenced and determined while the first suit was still pending, while in the case before this court plaintiff waited four years, without appeal or disclaimer, before filing suit against the defendants.

Plaintiff relies strongly on the case of Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949, for the rule that a patent owner need not disclaim his previously adjudicated invalid claims but may again test their validity in a suit against another infringer. But plaintiff here has not placed itself in the position of the plaintiff in that case by exhausting available appeals before proceeding with the second suit. Where all appeals are taken after adjudication of invalidity, the patent owner can proceed no further but must wait until another infringer can be sued; the present plaintiff could seek, by way of appeal, a possible reversal of the adverse decision in the prior suit.

Recent enactments, perticularly Secs. 65 and 71 of 35 U.S.C.A., as well as decisions of the highest court relaxed the once stringent rules binding patent owners. Those who fail to avail themselves thereof should not be heard to complain. Plaintiff herein could either appeal and attempt to vindicate its position, or it could disclaim the claims held invalid. Plaintiff did nothing but continued to enjoy the monopoly of all the claims of its patent ever since such prior adjudication over four years ago. By failure to appeal it, in effect, acquiesced in the adjudication and conceded invalidity, and others in the same field as plaintiff may have been led to believe that it did so acquiesce in the decision and did not intend to continue the monopoly. Use of a patent, some or all claims of which had been found invalid, is a continuing hazard at risk of possible subsequent holding of validity in a later suit which may render a user liable for infringement. But if the action of a patent holder, or his failure to act, suggests to the public that the monopoly is no longer asserted, such hazard should be obviated.

Since filing its opinion on plaintiff's motion to strike portions of defendants' answer, this court has given further study to the effect of plaintiff's failure to appeal from the former decision, and it has now reached the conclusion that failure of plaintiff to either appeal in the first suit, or disclaim the invalid claims within a reasonable time, renders the entire patent invalid.

There being no genuine issue as to any material fact, defendants are entitled to a

judgment as a matter of law. An order granting defendants' motion for summary judgment dismissing plaintiff's complaint is being filed simultaneously herewith.