LANCE, INC.

v.

Samuel GINSBURG, trading as Towne Foods.

Civ. A. No. 30422.

United States District Court
E. D. Pennsylvania.

Nov. 9, 1962.

Ballard, Spahr, Andrews & Ingersoll, by M. Carton Dittmann, Jr., Philadelphia, Pa., for plaintiff.

Caesar & Rivise, by Alan H. Bernstein, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a suit for unfair competition and trademark infringement arising out of plaintiff's ownership of the trademark BIG TOWN as applied to cakes.

The alleged infringing act complained of is defendant's use of the trademark TOWNE as applied to food specialties.

The claim for unfair competition includes the trademark claim and additionally involves the particular style of print, background and color arrangement used by defendant in connection with the word TOWNE.

■ In his answer, defendant denies that he has committed any acts of unfair competition and trademark infringement and sets up many affirmative defenses, such as, the invalidity of plaintiff's certificates of registration, the plaintiff's admission that the word TOWN is sui generis to the food and ingredients of food industry, estoppel, unclean hands, etc. Defendant's answer also includes a counterclaim, the gist of which is that plaintiff misused or abused its trademark registration and acted in bad faith and without color of right in bringing this suit. Said counterclaim is based on the following facts and inferences of facts:

1. Many certificates of registration including the word TOWN or TOWNE have been issued to many others for food and food ingredients, among which is a certificate of registration for the word trademark BIG TOWN as applied to wheat and rye flour;

2. Plaintiff knew or should have known that it does not have any rights in and to the word TOWN by itself;

3. Plaintiff knew or should have known that the word TOWN by itself is sui generis to all persons in the food and food ingredients industry; and

4. Plaintiff knew or should have known that its rights, if any, are specifically limited to the combination of the words BIG TOWN and then only for use with cakes.

The matter before the Court at this time is plaintiff's motion to dismiss defendant's counterclaim on the ground that it fails to state a claim upon which relief can be granted.

In support of its motion plaintiff urges that the defendant's use of the word TOWNE in a trademark sense on food specialties (the competing goods of the parties here involved) is so similar to plaintiff's trademark BIG TOWN applied to like goods that the Court must decide as a matter of law that the plaintiff is not guilty of misuse or abuse of its trademarks or bad faith in bringing the present suit. Q-Tips, Inc. v. Johnson & Johnson, 206 F.2d 144 (3 Cir., 1953) In addition, it is urged by plaintiff that this Court is obliged to make the latter legal determination by virtue of the fact that the present suit was in fact instituted only seven months after the giving of notice of infringement. Forstmann Woolen Co. v. Murray Sices Corp., 10 F.R.D. 367 (D.C.S.D.N.Y.1950), and Clip Bar Mfg. Co. v. Steel Protected Concrete Co., 209 F. 874 (D.C.E.D.Pa.1913).

We think that both points urged by plaintiff are unpersuasive. The matters to which plaintiff has directed our attention fail to establish conclusively that plaintiff acted in good faith and did not misuse or abuse its trademark registrations in bringing this suit. Rather, they merely introduce facts which plaintiff should allege in its reply to defendant's answer and counterclaim and which will eventually create a factual issue as to whether it misused and abused its trademark registrations and as to whether it acted in bad faith or not in bringing this suit; and, those issues must ultimately be determined by the trier of the facts.

One type of relief sought by defendant in his counterclaim relates to money damages pursuant to the provisions of 15 U.S.C.A. § 1120. Said section provides for damages resulting from false or fraudulent trademark registrations.

■■ Since defendant, in his counterclaim, fails to allege any false or fraudulent representations with respect to plaintiff's trademark registrations he obviously would not be entitled to damages on the basis of Section 1120. However, it is a basic principle of the Federal Rules of Civil Procedure that a litigant is not bound by the selection of a particular theory for relief. Nester v. Western Union Telegraph Co., 25 F.Supp. 478 (D.C.S.D.Cal.1938). Thus, even conceding that Section 1120 does not authorize the granting of damages in this case, it can hardly be disputed that the defendant would be entitled to damages if it were ultimately found that the plaintiff misused or abused his trademark registrations or acted in bad faith and without color of right in bringing this suit.

Accordingly, we think that enough has been stated herein to justify the conclusion that defendant's counterclaim does state a claim upon which relief can be granted. Notwithstanding, we believe it proper to comment on other matters which were vigorously argued by the parties.

It is argued by plaintiff that the relief sought by defendant, namely, the cancellation of plaintiff's trademark registrations, cannot be granted under the facts of this suit. Plaintiff points out that since more than five years have elapsed since the issuance of its trademark registrations their cancellation can be obtained only by reason of the existence of one or more of the grounds specified in 15 U.S.C.A. § 1064(c), of which misuse is not one. Timken Roller Bearing Co. v. United States, 341 U.S. 593, 71 S.Ct. 971, 95 L.Ed. 1199 (1951); Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc. et al., 146 F.Supp. 300 (D.C.S.D. N.Y.1956), and Switzer Bros., Inc. v. Locklin, 297 F.2d 39 (7 Cir. 1961). Defendant's answer to this argument of plaintiff is that this Court has the inherent power to cancel plaintiff's trademark registrations on the basis of plaintiff's misuse and abuse of same in bringing the present suit. Switzer Bros., Inc. v. Locklin, supra. That case, it is urged by defendant, clearly recognized the Court's power as is evidenced by the following language contained therein:

"It seems to us that divestiture of property rights in a trademark, by injunction against the mark's continued use, is a remedy which would seldom commend itself to equity in a private suit under the antitrust laws for injunctive relief and treble damages." At p. 48.

A second reason given by plaintiff in support of its argument that this Court is without power to cancel plaintiff's trademark registrations is that 15 U.S. C.A. § 1115 restricts this Court's right to that of merely declaring said registrations to be "not incontestable." Defendant's answer in this respect is that plaintiff's position is squarely answered by the Switzer case, supra.

Finally, it is argued by plaintiff that defendant is not a proper party to solicit cancellation of plaintiff's registrations on the ground that the defendant has not been damaged by the plaintiff's certificates of registration. 15 U.S.C.A. § 1064. Defendant rebuts this argument of plaintiff by stating that it is an indication of plaintiff's complete misconception of defendant's counterclaim. The defendant does not claim to have been damaged by the existence of plaintiff's registrations; rather, it does claim that it has been damaged by the plaintiff's misuse and abuse of same in bringing this suit.

We think that it is unnecessary to resolve the issues of whether or not this Court has the inherent power to cancel plaintiff's trademark certificates in this case and whether or not defendant is a proper party to solicit such cancellation. Both issues relate to relief sought by defendant's counterclaim. We have already demonstrated that the defendant, if he proves that the plaintiff misused or abused its trademark registrations or acted in bad faith in bringing this suit, will be entitled to proven money damages. Thus, inasmuch as defendant's counterclaim will have to proceed to a trial on the merits in any event, it would appear to be the better practice to defer

the determination of these rather serious issues relating to cancellation of plaintiff's trademark registrations until all the facts have been adduced.

It is noted that other relief sought by the defendant, namely, a decree that plaintiff's trademark registrations be declared unenforceable and not incontestable on account of plaintiff's misuse and abuse of same in bringing this suit, can clearly be granted under the provisions of 15 U.S.C.A. § 1115(b). Needless to say, a determination of whether or not such relief will be granted requires that a trial on the merits of defendant's counterclaim be had and this requirement lends additional support to our prior holding that a determination of the rather serious issues relating to cancellation of plaintiff's trademark registrations be deferred until all the facts have been adduced.

### ORDER

AND NOW, this 9th day of November, 1962, for reasons stated in the foregoing opinion, IT IS ORDERED that plaintiff's motion to dismiss defendant's counterclaim is denied.