## HANSEN v. SIEGEL–COOPER CO. et al.

(Circuit Court, S. D. New York. April, 1900.)

**1. UNFAIR COMPETITION—SIMILARITY OF PACKAGES—EVIDENCE OF INTENT.**

Where the designer of a package for use by one manufacturer admittedly had before him the package in prior use by another manufacturer, and the similarity between the two packages is such as is well calculated to confuse or deceive retail purchasers, his testimony that his entire effort was to "individualize his own goods" is not persuasive, and will not be accepted as sufficient, on a motion for a preliminary injunction, to refute the charge of unfair competition, which appears, from a comparison of the two packages, to be well founded.[1]

**2. SAME—PRELIMINARY INJUNCTION AGAINST SELLER.**

It is no sound objection to the granting of a preliminary injunction against unfair competition by the simulating of complainant's packages that defendants are sellers only, and not the manufacturers, where the manufacturer has been advised of the suit, and given an opportunity to be heard, of which he has availed himself.

In Equity. On motion for preliminary injunction on the ground of alleged unfair competition.

F. P. Fish, J. J. Storrow, and Charles Neave, for complainant.

Walter K. Griffin and Edward A. Isaacs, for defendants.

LACOMBE, Circuit Judge. It is possible, though highly improbable, that two persons, neither of whom had even seen or been informed of the other's design, might have produced packages as similar as the two before the court. But there is no dispute that the designer of the Van Duzer package had complainant's before him when he undertook to prepare his own. As is invariably the case when these suits come into court, there is an affidavit of the designer of the later package to the effect that his entire effort "was to individualize our own goods." Quite possibly an interested party may so persuade himself of the truth of this statement as to be willing to swear to it without being conscious of any strain. Nevertheless the affidavit remains unpersuasive when the competing packages are produced. The field of design is almost limitless. What can be done in the way of differentiation was well illustrated before the court of appeals in this circuit in Saxlehner v. Eisner & Mendelson Co., 91 Fed. 536, when the original Hunyadi Janos bottles and labels were displayed in connection with the bottles and labels of similar water which the Apollinaris Company were offering in competition. In that case some sufficient reason made the latter company extremely solicitous to "individualize." They made an honest effort so to do, and the result was illuminative as to what can be accomplished by such an effort. In the case at bar there are differences, of course,—there always are; but as one regards the resemblances, which are in such details as are well calculated to strike the eye and be retained in the memory, the conclusion is irresistible that the later designer borrowed them from the earlier, and if he did so it certainly was not for purposes of differentiation. The affidavit in this case is frank enough

[1] Unfair competition in trade, see notes to 20 C. C. A. 165, 30 C. C. A. 376.

to say, "we thought ourselves justified and found it convenient to adopt such of complainant's ideas as to method of packing as, in our opinion, did not conflict with the identification of our goods as being of our own manufacture exclusively." There seems to have been a miscalculation as to the amount that could be safely adopted. The trade undoubtedly will not be deceived, but, when we consider the class of persons who purchase at retail (Fairbank Co. v. R. W. Bell Mfg. Co., 23 C. C. A. 554, 77 Fed. 869), it seems safe to say that the dress in which the Van Duzer preparation is contained is well calculated to confuse such purchasers; and despite the affidavit the court cannot escape the conviction that such a result was intended. It is hardly supposable that the later designer would adopt ideas from the earlier design with the object of producing unlikeness. On no other theory can I account for the peculiar resemblances, which are the result, as is admitted, not of accident, but of design.

It is no sound objection to the granting of a preliminary injunction that defendants are sellers only, and not manufacturers. The manufacturer has been advised of the suit, has had opportunity to be heard, and has submitted its explanatory affidavits. Complainant may take a preliminary injunction in the usual form against the further use of the present small packages, annexing samples to the order, and against the use of "any other packages which by the collocation of bottle, carton, wrappings, labels, colors, and type so simulate the small packages of the complainant as to be calculated to mislead purchasers." If the infringing manufacturer will get some disinterested person to make an honest effort to devise a package which shall be as attractive as complainant's, and yet so unlike as to be void of offense, he will find little difficulty in "individualizing" his own goods much more effectively than he has so far succeeded in doing.