UNITED ELECTRIC CO. v. CREAMERY PACKAGE MFG. CO. et al.

(District Court, E. D. Wisconsin. March 3, 1913.)

TRADE-MARKS AND TRADE-NAMES (§ 93*)—UNFAIR COMPETITION—INTERFER-
ENCE WITH ANOTHER'S BUSINESS—INJUNCTION.

It is within the right of the owner of a patent, notwithstanding the
pendency of suits against the manufacturers of alleged infringing arti-
cles, to notify users of such articles of its claims, and its intention to
protect its rights by suits against users, provided such notices contain
no misstatements of fact and are sent in good faith, and not for the pur-
pose of unnecessarily injuring defendant's business; and the sending of
two or three such letters is not sufficient to establish such a wrongful
intent as will justify a court in granting an injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 104–106; Dec. Dig. § 93.*]

In Equity. Suit by the United Electric Company against the
Creamery Package Manufacturing Company and others. On petition
by defendant company for an injunction. Denied.

Harry Frease, of Canton, Ohio, and Erwin & Wheeler, of Mil-
waukee, Wis., for complainant.

Luther L. Miller, of Chicago, Ill., for defendant Creamery Package
Mfg. Co.

GEIGER, District Judge. The complainant filed its bill, seeking to
restrain infringement of letters patent and alleged acts of unfair trade.
The defendant Creamery Package Manufacturing Company, after
answering the bill, presented its petition herein, charging that, co-
temporaneously with the institution of this, another suit, identical as
to parties and subject-matter, was begun by complainant in the Dis-
trict Court for the Northern District of Illinois; that since the com-
mencement of such suits complainant, through its attorney, for the
purpose of injuring and destroying defendant's trade in vacuum clean-
ers (charged to be in infringement of complainant's patent), has by
means by threatening letters, advertisements, and circulars attempted
to influence past or prospective customers of defendant from using or
purchasing its product.

The petition specifies letters written to one Long, at Akron, Ohio,
who had purchased from defendant, notifying him that complainant
claimed such machine to infringe complainant's device, that the above-
mentioned suits had been instituted, that complainant would fully pro-
tect its rights, that users as well as makers of infringing articles are
liable, and requesting said Long to desist from further use and to set-
tle with complainant. A second letter was sent, reiterating the sub-
stance of the first, but further notifying him that, unless by a time
specified he desisted using such machine, suit for infringement would
be instituted against him. Such suit was in fact begun, and defendant
charges that the bill therein is identical with that herein. It is averred
generally that the suits thus begun and threatened, and the letters sent,
were not intended for the protection of complainant's legitimate rights
under its patent, but to annoy and harrass defendant.

The complainant, its exceptions to the jurisdiction of the court having been overruled upon the authority of Warren Featherbone Co. v. Landauer (C. C.) 151 Fed. 130, Commercial Acetylene Co. v. Avery Portable Lighting Co. (C. C.) 152 Fed. 645, and other cases, demurred in part to, and answered the remainder of, the petition; and the matter was heard upon these pleadings and affidavits presented by the parties.

The answer to the petition specifically and positively denies that the suits were instituted, or the circulars and letters sent, for any purpose except the protection of the complainant's rights under its patent, or threats to bring other suits against users or dealers, excepting that two at Akron, Ohio, were so notified, which suits, however, have not been brought, because one of such users had given assurance that he did not in fact use or purpose to use the alleged infringing device, and, against the other, suit has been deferred pending the outcome of suits already pending. Such answer further responds to the allegation of the petition respecting the sending of other threatening letters, and the insertion of an advertisement in the Akron, Ohio, paper by denying specifically that any letters whatsoever had been sent, except those referred to in the petition and those admitted in the answer, and that the advertisement in the paper contained nothing more than a fair and legitimate statement of complainant's claims respecting infringement of its patent.

Upon the hearing, no proofs were introduced to meet the denials and explanations of the complainant's answer to such petition; and the only question for determination is whether the admitted facts will sustain clearly any inference that complainant has been guilty of conduct such as is in general terms charged to it. We assume that complainant is before the court to be dealt with in respect of any conduct disclosing a purpose to harrass and annoy the defendant; but the burden rests upon the latter to show that the alleged conduct of the complainant is not reconcilable solely with the purpose of enforcing and protecting its legal rights as a patentee. The pleadings and the proofs, as they now stand in this case, fall short of this in two particulars:

First. The letters set out in the petition, and admitted to have been sent, do not disclose anything inconsistent with the assertion by the complainant of its legal rights, and possibly its duty to notify persons of its claims of infringement. Such letters are unmistakable in their terms, contain no misstatement of fact, and convey to the sendee no information which a patentee is not justified in sending, not only to the trade, but particularly to those whom it conceives to be trespassing upon its rights.

Secondly. For the purpose of this application it must be taken as true that the complainant did not in fact send out letters or circulars other than those specified in its answer; and in this respect, therefore, the claim of the petitioner as to the extent of complainant's conduct in circularizing the trade—and from which would be drawn the inference of a desire to oppress—fails.

The authorities, while recognizing the power of the court to deal with a situation such as that claimed by the defendant, uniformly declare that unfairness and an intentional disposition unnecessarily to

injure another's business are at the foundation of the right, in a suit of this kind, to invoke the protection of the court through an injunction against the complainant. The Circuit Court of Appeals of this circuit has given its views in the following language:

"Undoubtedly one claiming that his patent is being infringed should take steps to advise the public of his rights as provided by statute; provided, however, that if it is made to appear that under the pretense of so doing he is pursuing a course which is calculated to unnecessarily injure another's businesss, and with the plain intention of so doing, his conduct will be deemed malicious, and he brings himself within the rule of law obtaining in cases of unfair competition in trade, and subject to injunction." Per Kohlsaat, J., Racine Paper Goods Co. v. Dittgen, 171 Fed. 631, 96 C. C. A. 433.

As indicated, the case, as it now stands, is not brought within the letter nor the principle of the rule thus stated. The complainant has given an explanation of the institution of suits both at Milwaukee and Chicago, which, in the absence of clear proof to the contrary, justifies its conduct. It has pointed out the necessity of acquiring jurisdiction over all of the defendants, and that this is impossible in a single suit because of the diversity of residence of such defendants. It has met squarely and unequivocally the accusation respecting the malicious sending of threatening letters and circulars, and the defendant petitioner has failed to produce the necessary proof; and it seems to me that, even though the zeal of the complainant may give rise to a suspicion respecting the singleness of its purpose to protect its legal rights, the power of restraining by injunction its right to institute further suits, or to further advise alleged infringers of its rights, should not be exercised, except upon a showing which, as in an original proceeding, is sufficiently clear to justify resolving doubts against the complainant.

For these reasons, and because the necessary proofs are lacking, the application of the defendant will be denied; and an order may be entered accordingly.