# SHREDDED WHEAT CO. v. KELLOGG CO. et al.

District Court, D. Connecticut.  April 21, 1928.

No. 1922.

1. **Equity ⚖=264—Where question of materiality of allegations is doubtful, allegations will be allowed to stand until final hearing.**

Motion to strike out allegations of bill because of impertinence should not be allowed, unless it is clear that objectionable matter cannot be material to plaintiff's case, and, if question of materiality is doubtful, such allegations will be allowed to stand until final hearing.

2. **Torts ⚖=22—Plaintiff, suing joint tort-feasors, may sue any number less than whole, regardless of participation of others.**

Plaintiff, proceeding against defendants as joint tort-feasors, may prosecute any one of them or any number of them less than whole,

and enforce his remedy, regardless of participation of others.

**3. Trade-marks and trade-names and unfair competition ⊚⇒89—Plaintiff, suing for unfair competition, may proceed against dealers, although jurisdiction has not been obtained over manufacturer (Jud. Code, § 50 [28 USCA § 111]).**

Under Judicial Code, § 50 (28 USCA § 111), relating to jurisdiction, plaintiff, suing for unfair competition dealers or distributors who are residents of district, and manufacturers, residents of another district, may proceed against dealers or distributors, although jurisdiction has not been obtained over manufacturers.

**4. Trade-marks and trade-names and unfair competition ⊚⇒92—Complaint in action for unfair competition held to allege unfair practices on part of dealers, residents of federal court district, as well as by manufacturers.**

Complaint in action based on unfair competition *held* to allege facts showing unfair practices on part of dealers or distributors who were residents of federal court district, as well as on part of manufacturers and others, residents of another district.

**5. Trade-marks and trade-names and unfair competition ⊚⇒92—Complaint in action for unfair competition held to charge dealers, resident defendants, with selling biscuits not distinguishable from plaintiff's outside of carton.**

Complaint in action based on unfair competition, alleging that biscuits sold by dealers or distributors, resident defendants, was an imitation in appearance of product manufactured by plaintiff, in that it had same height, measurement in circumference, color, structure, and formation, and generally devised to appear like plaintiff's, but that it contained less wheat, *held* to charge resident defendants with selling biscuits not distinguishable from plaintiff's biscuit outside of carton.

**6. Courts ⊚⇒329(3)—Bill held to sufficiently allege jurisdictional amount in controversy in action based on unfair competition.**

Bill, alleging, "Your orator cannot state exact amount of profits diverted by these defendants from your orator, either jointly or severally, and due your orator to date of filing of complaint, nor exact amount of damages suffered by your orator by reason of unlawful practices of said defendants, but believes same to exceed sum of $5,000, exclusive of interest and costs," *held* to sufficiently allege jurisdictional amount in controversy in action based on unfair competition.

**7. Trade-marks and trade-names and unfair competition ⊚⇒92—Defendants' right to use trade-names and sell biscuits of same size, etc., as plaintiff's was matter which must be set up in answer.**

Right of defendants, in action based on unfair competition, to use names in question and to sell biscuits of same size, shape, color, and form as plaintiff, was matter which must be set up in answer, and cannot form basis for motion to dismiss.

**8. Trade-marks and trade-names and unfair competition ⊚⇒92—Action for unfair competition should not be dismissed for failure to allege plaintiff has no practical method to distinguish its biscuits when sold on individual order.**

Action based on unfair competition should not be dismissed because of failure to allege that plaintiff has no practical method or does not employ any practical method to distinguish its biscuits when sold on individual order.

**9. Action ⊚⇒68—Motion to stay unfair competition action until all defendants named are regularly brought within jurisdiction will be denied, where plaintiff's right against resident defendants is not dependent on presence of nonresidents.**

Motion to stay proceedings in action based on unfair competition until all defendants named in complaint be regularly and lawfully brought within jurisdiction of court will be denied, where plaintiff's right to relief against resident defendants is not dependent on presence of nonresident defendants.

In Equity. Action by the Shredded Wheat Company against the Kellogg Company and others. Defendants moved to strike out certain allegations, to dismiss the bill, and for a stay of proceedings. Motions denied.

William C. Breed, of New York City, for plaintiff.

W. H. Crichton Clarke, of New York City, and Lewis L. Field, of New Haven, Conn., for defendants.

THOMAS, District Judge. Plaintiff's action in this case is based on unfair competition. The defendants who are residents of this district, move (1) to strike out certain allegations of the bill; (2) to dismiss the bill; and (3) for a stay of proceedings herein. The remaining defendants, Kellogg Company, Kellogg Sales Company, and Will K. Kellogg, whose principal place of business is in Michigan, have been served under orders of this court but have not appeared.

I. The Connecticut defendants ask the court to strike out:

(a) From paragraph 6 of the bill all reference to the name "Shredded Whole Wheat Biscuit" and/or "Shredded Wheat," as trade-names of the plaintiff and/or as symbols of its good will and/or its commercial signature.

(b) From paragraph 14 of the bill all reference to good will and trade-names.

(c) From paragraph 24 of the bill all reference to trade rights in the words and terms "Shredded Whole Wheat Biscuit," "Shredded Wheat Biscuit," and "Shredded Wheat,"

and form, shape, color, and appearance of plaintiff's product.

(d) From paragraph 25 of the bill all reference to trade-name rights in the above-mentioned names and terms, and all reference to plaintiff's property rights in the form, shape, color, configuration, and composition of plaintiff's product.

(e) From the prayer for relief numbered 2, "all reference to infringing upon the rights of your orator in its trade-name and in said words and terms above referred to."

[1] A careful reading of the paragraphs mentioned convinces me that the allegations contained in said paragraphs are relevant to the issue and do not include tautology and verbosity. They are not redundant, nor are they scandalous. There are no reasons stated in the motion why the averments above referred to should be stricken out, and, obviously, the only theory upon which the motion could be based is impertinency. In dealing with allegations of this character and particularly because of impertinence in the bill, it is settled law that they should not be allowed unless it is clear that the objectionable matter cannot be material to plaintiff's case. If the question of their materiality is doubtful, such allegations will be allowed to stand until final hearing. Wells and Others v. Oregon Ry. & N. Co. (C. C. A.) 15 F. 561. On page 563, the court said:

"An allegation will not be expunged from a bill as impertinent unless its impertinence clearly appears; for if it is erroneously struck out the error is irremedial. Story, Eq. Pr. § 267."

There seems to me no good reason presented for granting this motion, but, on the contrary, the rights of the parties can be better determined after a full disclosure of all the facts which bear upon the alleged rights of each party to the suit.

II. The Connecticut defendants move for dismissal of the bill under equity rule 29 on five separate grounds. In the motion it is alleged that the complainant (a) does not charge that defendants' containers deceptively resemble those of complainant; (b) does not charge that the Kellogg biscuits are undistinguishable from those of complainant, or that they have been sold outside of their cartons; (c) does not show a cause of action in respect of the words "Shredded Whole Wheat Biscuit" or "Shredded Wheat Biscuit" or "Shredded Wheat"; (d) does not show a cause of action in respect of form, shape, color, configuration, and composition of complainant's and of the Kellogg Company's product; and (e) does not state a cause of action in respect of the conduct of any of defendants or of any other persons.

These reasons seem to be without merit, because it appears from the allegations of the bill that the defendants are charged with marketing the alleged imitative product in containers displaying the words "Shredded Whole Wheat Biscuit"; that the Kellogg Biscuit sold by the Connecticut defendants is alleged to be an imitation in appearance of the product manufactured by plaintiff, in that it has the same height, measurement in circumference, color, structure, and formation, and generally devised to appear like plaintiff's, but that it contains less wheat; that the words "Shredded Whole Wheat Biscuit," "Shredded Wheat Biscuit," and "Shredded Wheat," are applied to plaintiff's product, and so, as alleged, they have a secondary meaning as designating its goods; and that an alleged secondary meaning and special significance exists in respect to form, shape, color, and appearance of plaintiff's goods; and that it states all necessary facts to support an action for unfair competition, alleging, inter alia, the appropriation of the words constituting the trade-names above referred to as the actual names for the alleged imitation product of the defendants, the sale of the alleged imitation in the state of Connecticut, confusion and deception in respect of the purchasing public in the state of Connecticut, and the palming off of the defendants' for plaintiff's biscuit.

In view of the importance and far-reaching commercial questions raised in this case, I feel that they can be better approached and decided after full proofs at final hearing. Without prejudice to raising the same questions on final hearing, the motion to dismiss on the five grounds above mentioned is denied. Armstrong Cork Co. v. Ringwalt Linoleum Works (C. C. A.) 240 F. 1022.

The defendants also move to dismiss the bill on the further ground that the real defendants and real competitors of the plaintiff are the Michigan defendants, that they are known and can be reached, and therefore, that plaintiff is estopped from litigating with the Connecticut defendants, who are not competitors of the plaintiff and not charged with unfair deceptive practices, or with contributory infringement of trade-marks, or with dealing in and with outlaw goods, or with competing unfairly with plaintiff, or of infringing any lawful rights of plaintiff.

[2] All of the defendants named in the bill of complaint are proceeded against as joint tort-feasors, and, while the law permits all joint tort-feasors to be proceeded against

jointly, it also leaves the party injured at liberty to prosecute any one of them, or any number of them less than the whole, and to enforce his remedy regardless of the participation of the others. Cooley on Torts (3d Ed.) vol. 1, pages 233, 234.

[3] The Connecticut defendants are dealers or distributors of the goods manufactured or put up by the Michigan defendants, and may be proceeded against although jurisdiction has not been obtained over the manufacturer. Andrew Jergens Co. v. Bonded Products Corp. (D. C.) 13 F.(2d) 417; Burnett v. Hahn (C. C. A.) 88 F. 694; Estes v. Worthington (C. C. A.) 30 F. 465; Bradley v. Norton, 33 Conn. 157, 87 Am. Dec. 200.

Section 50 of the Judicial Code (28 US CA § 111) provides:

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it."

[4] The complaint, from paragraph 13 to its end, alleges facts showing unfair practices on the part of both the Michigan and Connecticut defendants. These allegations are set forth with sufficient clearness to justify denying defendants' motion on these points. The same ruling applies to the grounds of dismissal set forth in paragraph 5 of the moving papers.

[5] The Connecticut defendants further move that the complaint be dismissed on the ground that none of the Connecticut defendants are charged with selling any Kellogg biscuits which are not distinguishable from plaintiff's biscuit outside of the carton, and should not be put to annoyance, damage, and expense, as they are not the real parties in interest. But I conclude that the bill sets forth sufficient grounds, and that the Connecticut defendants are proper parties to this suit.

[6] As a further ground for dismissal, the Connecticut defendants raise the question as to the jurisdictional amount in controversy and the adequacy of the allegations respecting it. But this point is not well taken, because paragraph 21 of the bill alleges, inter alia:

"Your orator represents that your orator cannot state the exact amount of profits diverted by these defendants from your orator, either jointly or severally, and due your orator to the date of the filing of this, your orator's complaint, nor the exact amount of the damages suffered by your orator by reason of the unlawful practices of said defendants, but believes the same to exceed the sum of $5,000, exclusive of interest and costs, and so charges the fact to be upon information and belief."

Furthermore, paragraph 24 alleges that the full value of plaintiff's equitable and trade rights exceeds in value the sum of $5,000,000.

[7] The Connecticut defendants also move to dismiss on the ground that the bill alleges that the acts complained of have just started, and there can be no determination of the question of unfair competition in advance of the development of the facts, that the plaintiff asserts but has no monopoly or property right in the descriptive words in controversy, or in the size, shape, color, or form of its biscuit, and that the defendant has the right to use the names and make the biscuit in the same size, shape, color, and form as plaintiff. As before noted, the bill alleges facts as to unfair competition which has existed in the past and which continues to exist, and, while the plaintiff does not allege facts showing any monopoly, it alleges facts showing its trade rights and its rights in the tradenames in association with its biscuit, and shows facts supporting its contention of unfair competition in respect of the defendants. As to the defendants' right to use said names and to sell biscuits of the same size, shape, color, and form as the plaintiff, it is to be noted that this is a matter which must be set up in the answer, and cannot form the basis for a motion to dismiss. The same ruling applies to that part of the motion which is set forth in paragraphs 9 and 10 of the moving papers.

[8] The Connecticut defendants further move to dismiss because of the failure to allege that plaintiff has no practical method and/or does not employ any practical method to distinguish its biscuits when sold on individual order, evidently basing their motion on the decision in Shredded Wheat Co. v. Humphrey Cornell (C. C. A.) 250 F. 960. I am unable to determine whether the facts in the present suit are identical with the facts in the case cited or whether they are sufficiently alike to justify granting the motion, except for the fact that the two suits are not between the parties. Therefore the motion must be denied. The same ruling applies to paragraph 12 of the moving papers. Paragraphs 13 and 14 set forth grounds for dismissal which do not differ materially from

the grounds already discussed, and therefore will not be further considered.

[9] III. The Connecticut defendants move that all proceedings be stayed herein until all of the defendants named in the complaint be regularly and lawfully brought within the jurisdiction of this court. Inasmuch as plaintiff's right to relief against the Connecticut defendants is not dependent upon the presence of the Michigan defendants, as already pointed out, this motion is also denied.

Motions denied. Submit decree accordingly. Defendants are ordered to file their answers in accordance with the provisions of equity rule 29.