596

## PUBLICKER v. SHALLCROSS et al.
### No. 6517.

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1938.

Supplemental Opinion Oct. 13, 1938.

Harry Shapiro, of Philadelphia, Pa., for appellant.

Edward A. G. Porter and Morris Wolf, both of Philadelphia, Pa. (Saul, Ewing, Remick & Saul and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., of counsel), for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

This is an appeal from a decree of the District Court vacating a decree entered by it in a prior term of court.

On September 1, 1926, Jacob W. Lang executed and delivered to the Philadelphia Company for Guaranteeing Mortgages, as trustee, hereinafter called the Philadelphia Company, a mortgage in the sum of $850,000 on the Shubert Building, located at 248–252 South Broad Street, Philadelphia, Pa., to secure a bond issue for that amount. On the same day, Publicker, the appellant, and others executed and delivered a joint and several collateral bond in the same amount to secure the same indebtedness.

Receivers in equity were appointed by the District Court, January 11, 1933, for the Philadelphia Company. In 1934, the receivers began negotiations with Publicker for a settlement of his obligations on the bond. While this was going on Publicker started proceedings in equity in Common Pleas Court No. 5 of Philadelphia County for the return of his collateral bond. Publicker and the appellees on December 3, 1935, entered into an agreement whereby the appellees, with the consent and direction of the District Court, released the bond and discontinued the suit in consideration of the payment of $8,500. This action was taken on the representation of Publicker that he was entirely without means and that the $8,500 was raised by several of his friends.

On March 2, 1937, the appellees filed a petition in the District Court alleging that Publicker had misrepresented his assets to them; that he testified falsely before referee Bachman, special master whom the court had appointed to hear the testimony and make recommendations as to the advisability of releasing the bond, and that Publicker had secured their consent to release the bond by false representations.

The District Court on the same day issued a rule to show cause why the decree of December 3, 1935, should not be set aside and the relief prayed for granted. The rule was returnable on March 15, 1937. Publicker did not file an answer on the merits, but did on March 11, 1937 file an answer raising preliminary questions of law in the nature of a demurrer to the

petition and rule to show cause, "saving and reserving to himself the right to thereafter answer on the merits."

The demurrer was overruled with leave to answer on the merits within ten days. Instead of answering on the merits Publicker appealed from the decree overruling the demurrer to this court.

We think that this is a matter in which the court should be fully informed of the facts before disposing of the questions of law. It is true that technically the demurrer admits the facts, but, as we understood counsel for appellant, while admitting the truth of the facts alleged in the petition, it was purely for the purpose of testing the law.

In the case of Armstrong Cork Company et al. v. Ringwalt Linoleum Works, 3 Cir., 240 F. 1022, the Armstrong Company filed a bill against the Ringwalt Works which demurred to the bill. Judge Rellstab sustained the demurrer and dismissed the bill. On appeal this court, in speaking of the questions raised said: "We feel that they can better be approached and decided in this court after full proofs and final hearing. Following our usual course in such a situation, we express no present opinion on those questions, and confine ourselves to reversing the order made below dismissing the bill, and remanding the case, with directions to reinstate the bill, overrule the demurrer, without prejudice to raising the same questions on final hearing, and to proceed to final hearing." That case was cited and followed by Judge Thomas in Connecticut, in Shredded Wheat Co. v. Kellogg Company et al., D.C., 26 F.2d 284, 286.

The appellant says that the averments of the petition for rule to show cause "are legally insufficient to entitle petitioners to the relief therein sought, or to sustain or justify the vacation of the said decree". When the District Court and this court are in possession of all the facts in this case, they will be in a better position to decide it correctly.

The decree overruling the demurrer is affirmed with directions to the appellant to file an answer to the petition in the District Court within ten days after a copy of this opinion is received by him from the clerk of this court unless a longer time should be allowed by the District Court which will proceed in due course to determine the questions which may be raised by the pleadings.

Supplemental Opinion.

PER CURIAM.

Petition has been filed in the above stated cause for the "modification of decree". Counsel has called our attention to the fact that Publicker did not appeal from the interlocutory decree overruling the demurrer, as we stated in our memorandum filed August 12, 1938, but from the decree of the District Court of May 6, 1937, vacating its prior decree of December 3, 1935. It appears that if we affirm the decree from which the appeal was taken, it would end the case and not result in a hearing upon the merits as we intended. In order to accomplish this, it is necessary to reverse the decree of May 6, 1937, with directions to the appellant to file an answer in the District Court within ten days from receipt of the decree to be made herein to the petition filed March 2, 1937. Accordingly a decree so providing will be entered.