**AL–FAB ALUMINUM FABRICATORS, INC., an Illinois corporation, Plaintiff,**

**v.**

**Arthur WAGNER, Lilyan Wagner and Malco, Inc., an Illinois corporation, Defendants.**

**No. 63 C 590.**

United States District Court
N. D. Illinois, E. D.
Aug. 19, 1963.

Timothy L. Tilton and Richard E. Alexander, Dawson, Tilton, Fallon, Lungmus & Alexander, Chicago, Ill., for plaintiff.

Maurice A. Riskind, Edgar Bernhard and Jay S. Riskind, D'Ancona, Pflaum, Wyatt & Riskind, Chicago, Ill., for defendants.

DECKER, District Judge.

This is a suit alleging in two counts violation of the Federal trademark laws and related unfair competition in that the defendant Malco is alleged to have manufactured and sold an aluminum storm window which it both copied from the plaintiff's aluminum storm window and which it advertised by means of photographs of the plaintiff's storm window without identifying it as such.

The answer denies any liability for either trademark infringement or unfair competition. Further, the defendants have filed a counterclaim alleging that by a letter and a "news release" mailed by the plaintiff to its customers, in both of which the defendant Malco was accused of promoting sales of its own window by use of models and photographs of the plaintiff's window, the plaintiff has been guilty of defaming the honesty and integrity of the defendants and the operation of their business. These charges against Malco were made in the complaint, and the letter and "news release" simply repeat in summary form the allegations of the complaint. The counterclaim is in effect for business libel or defamation.

The plaintiff has now made a motion to dismiss the counterclaim for failure to state a claim on which relief can be granted.

In the counterclaim Malco makes two distinct charges against Al-Fab:

(1) That by means of distributing the letter and "news release" to its customers, Al-Fab has wrongfully, illegally and maliciously placed its dealers in the aluminum storm window trade under the apprehension that such dealers would be-

come involved in such litigation in the event such dealers continued to deal with Malco, the causing of which apprehension was wrongful in that such dealers could not be properly subject to a suit by Al-Fab; and

(2) That the letter and press release wrongfully, illegally and maliciously contained false and defamatory statements concerning the honesty and integrity of Malco and the operation of its business, in charging that Malco was promoting the sales of its aluminum windows by using samples of the Al-Fab window and representing the Al-Fab window as its own at a trade show in Chicago.

■ In its brief, Malco admits that charge number 1, which was embodied in paragraphs numbered 3 and 4 of the counterclaim, is legally unsupportable. The law is that a complainant in a suit for unfair competition or trademark infringement may circularize to the trade to give notice of the pendency of the suit and of the claims made by him in the suit, and that he may accompany such circularization with threats to sue others, including customers of the defendant, provided that he acts in good faith and does not try to intimidate persons who would not be under legal liability for using and selling the defendant's product. See, Nims Unfair Competition in Trademarks (1947 ed.) pp. 863–864; Warren Featherbone Co. v. Landauer, 7 Cir., 151 F. 130; Everybody's Tool & Die Works v. Costa, D.C., 9 F.Supp. 440; and United Electric Co. v. Creamery Package Mfg. Co., 7 Cir., 203 F. 53.

■ It is clear that dealers in the defendant's product are subject to suit and that threats to sue them may be included in the circulars. See Hansen v. Siegel-Cooper Co., 2 Cir., 106 F. 690; Shredded Wheat Co. v. Kellogg Co., 2 Cir., 26 F.2d 284, and Grocers Baking Co. v. Sigler, 6 Cir., 132 F.2d 498.

Also, although there was no specific holding to this effect, it is interesting to notice that in the recent leading case of Stiffel Co. v. Sears, Roebuck & Co., 313 F.2d 115 (7 Cir. 1963), the defendant Sears was charged with liability not as a manufacturer but as a seller of a product manufactured by a defendant, alleged to be infringing a trademark and guilty of unfair competition.

Therefore, in the light of Malco's concessions, paragraphs 3 and 4 of the counterclaim should be stricken.

As to the second wrongful act alleged in the counterclaim, Malco charges that Al-Fab "maliciously" published false and defamatory statements concerning the honesty and integrity of Malco. In its brief, Al-Fab tries to argue that the only issue is whether the press release and letter correctly set out the allegations of the complaint.

Malco correctly argues, it seems to me, that the real issue is whether Al-Fab was guilty of defamation by re-publishing in a press release and letter allegations from its complaint which, notwithstanding the fact that they may be correctly copied in the press release and the letter from the complaint, are false and defamatory of Malco as a matter of fact.

■ The law is that in an unfair competition suit, plaintiff may circularize the trade and repeat the allegations of the complaint it has filed charging unfair competition. However, that privilege is not unqualified; rather it is limited. The limitations of the privilege are:

(1) That it shall not be made with malice. See Judge v. Rockford Memorial Hospital, 17 Ill.App.2d 365, 377, 150 N.E. 2d 202 (1958).

(2) That such malice may be alleged simply by use of the word "maliciously" in the complaint or by using the word "falsely", which has been held sufficiently expressive of a malicious intent. See Adair v. Timblin, 186 Ill.App. 133, 136–137 (1914).

(3) That the re-publications of the allegations of the complaint contain no misstatements or misrepresentations of

fact. See the United Electric case, supra, upon which, interestingly, Al-Fab relies.

■ It seems to me that there are important questions of fact which will be decisive of this case, and therefore the complaint should not be dismissed before the hearing of proof.

As was stated above in part one, the privilege of the complainant in an unfair competition action to circularize the trade to advise them of his action provides that his circularization must be done in good faith. The question of good faith is obviously one that will have to wait for the introduction of proof. Further, the very cases upon which Al-Fab relies most strongly for justifying its circularization of the trade and its threats to sue dealers in the defendant's product are cases which themselves specifically state that the circularization, in order to be privileged, must not contain false, offensive or opprobrious language (Everybody's Tool & Die Works, supra), or misstatement or misrepresentation of fact (United Electric case, supra).

■ Whether or not it is true, as Al-Fab advised the trade in its letter and press release, that Malco is "promoting sales * * * by using samples of the Al-Fab window * * * and representing the Al-Fab window as their own * * *," and at the recently held NERSICA trade show in Chicago that "Malco displayed an Al-Fab 'Model X Grecian Fluted' window * * *, which the Wagners and certain of their employees represented as being a sample of Malco's 'New Imperial' window * * *," will require the hearing of evidence. At this stage merely on consideration of the pleadings, it would seem that Malco has sufficiently stated a counterclaim upon which relief can be granted by alleging the malicious and false character of these statements.

As the Warren Featherbone case, supra, upon which Al-Fab relies, stated (at page 135 of 151 F.):

"It seems clear enough, from an inspection of the circulars sent out to customers by complainant, that the complainant has kept fairly within the scope of its bill; and so long as it does that no charge of bad faith or malice or intent to injure is justly chargeable. *If complainant's bill be true*, it has an undoubted right to warn the public against the infringement of its trade-mark; and that question should not be determined upon the mere allegations of the parties." (Emphasis supplied.)

Whether Al-Fab's statements are true should correspondingly not be determined upon the mere allegations of the parties, but should await proof.

Therefore, I have on this date entered the following order:

(1) Paragraphs 3 and 4 of the counterclaim are stricken;

(2) The motion to dismiss defendants' counterclaim is denied.