## UNITED STATES *v.* COE.

### APPEAL FROM THE COURT OF PRIVATE LAND CLAIMS.

No. 8 of October term, 1897.   Petition for rehearing submitted June 29, 1898.—Denied May 22, 1899.

A petition for the rehearing of this case, which was decided May 23, 1898, and is reported 170 U. S. 681, is denied, on the ground that, after a careful reëxamination of the record, the court adheres to the judgment heretofore rendered, remaining of the opinion that from and after the adoption of the Mexican constitution of 1836, no power existed in the separate states to make such a grant as the one in this case.

THIS was a motion for leave to file a petition for a rehearing of a case decided at October term, 1897, and reported in volume 170 U. S. at page 681.

*Mr. Amos Steck* for petitioner.

*Mr. A. M. Stevenson* and *Mr. John F. Shafroth* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

After a careful reëxamination of this record we adhere to the judgment heretofore rendered, and the petition for rehearing must be denied.

In the opinion heretofore delivered, and reported 170 U. S. 681, it was stated that a grant from the state of Sonora was relied on and not a grant from the Mexican government. This was in accordance with the petition originally filed, but it appears that it had been stipulated and agreed below between counsel for the Government and the claimant that the petition should be considered as amended so as to claim title from both the nation and the state. That stipulation, however, did not appear in the record, but this was not material, as we did not regard the grant, whichever its alleged source, as a valid one, for the reasons given.

We remain of opinion that, from and after the adoption of the constitution of 1836, no power existed in the separate

states to make such a grant as this. *Camou* v. *United States,* 171 U. S. 277, related to a grant made prior to 1836, and ruled nothing to the contrary of the decision in this case.

Construing the various applicable statutes and decrees in relation to the sale of public lands, which were in force April 12, 1838, the date of the alleged grant, together, we think it clear that the Board of Sales which assumed to act in this matter had no power to sell and convey these lands so as to vest the purchaser with title, unless the sale was approved by the general government, and that it was not so approved. Furthermore, this Board of Sales did not assume to comply with the requirements of the law in making this sale. The members of the board really professed to be officers of the State, and to act for the State, although the grant was declared to be made in the "name of the free, independent and sovereign State of Sonora as well as of the august Mexican government." But it seems to us that they referred to the nation as it existed under the Federal system of 1824, as contradistinguished from the supreme central system that was in existence in 1838. We understand that when this grant purports to have been made, the officers and people of Sonora were undertaking to carry on their government as a sovereign and independent State under the national constitution of 1824 and the laws passed thereunder, as well as the state constitution of 1825, and subsequent laws, in violation of the national constitution of 1836 and the laws promulgated under that instrument. This refusal to recognize their constitutional obligations put them in antagonism to the general government, and, although appellee's counsel deny that Sonora was in rebellion, and say that at the time of the sale she "was a conservative protestant against the dictatorial proceedings which gave rise to the central system," we cannot agree that this sale was conducted in accordance with the paramount law, and it does not appear that the national government ever ratified or approved the grant. The various constitutions and laws bearing on the subject are set out in our previous opinion, and also to a considerable extent repeated in *Faxon* v. *United States,* 171 U. S. 244.

*Petition denied.*