CUNEO IMPORTING CO. v. AMERICAN IMPORTING & TRANSPORTA-
TION CO. et al.

(Circuit Court of Appeals, Second Circuit.    December 20, 1917.)

No. 77.

1. ADMIRALTY ⬅50—PROCEEDINGS—BRINGING IN NEW PARTIES.

Where the subcharterer of a vessel libeled the charterer to recover damages to a cargo on account of vessel's alleged unseaworthiness, and the charterer filed a petition under admiralty rule 59 (29 Sup. Ct. xlvi) to bring in as a party one who executed the charter party as managing owner, and the managing owner answered the libel and petition, the case should be treated as if the libel had originally been filed against both the charterer and the managing owner.

2. ADMIRALTY ⬅103—APPEAL—FINAL DECISION.

A subcharterer libeled the charterer to recover damages to a cargo alleged to have been caused by the unseaworthy condition of the vessel, and the charterer by petition brought in one who executed the charter party as managing owner. Such impleaded respondent filed an answer, alleging that the vessel was owned by a corporation of which he was president, and set up that, in a suit to recover the charter hire, the charterer counterclaimed for damages on the ground of the vessel's unseaworthiness, and that in such case judgment was rendered in favor of the corporation owning the vessel, establishing its seaworthiness during the whole term of the charter party. Libelant, the subcharterer, moved for a decree against the charterer, and the impleaded respondent moved for dismissal of the petition, both of which motions were granted. Thereupon the charterer appealed. Held, that the appeal could not be dismissed, on the ground that the decree was not final, for it established the charterer's liability to the libelant and the nonliability of the impleaded respondent.

3. JUDGMENT ⬅701—CONCLUSIVENESS—PRINCIPAL AND AGENT.

In such case, as the previous judgment between the charterer and the owner of the vessel established the owner's nonliability, and the impleaded respondent, who signed the charter party, showed that he was president of the corporation owning the vessel, he sufficiently established his privity with the owner, and the judgment was a conclusive adjudication against his liability to the charterer, even though he could not technically be managing owner of the vessel.

Hough, Circuit Judge, dissenting in part.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Cuneo Importing Company against the American Importing & Transportation Company, which by petition made Daniel Bacon a respondent. There was a decree in favor of libelant against the American Importing & Transportation Company, and in favor of the impleaded respondent (241 Fed. 421), and the Transportation Company appeals. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Twyman O. Abbott, of New York City, for appellant.

MacFarland, Taylor & Costello, of New York City, for appellee Cuneo Importing Co.

R. J. M. Bullowa, of New York City, for appellee Bacon.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. July 2, 1915, the Cuneo Importing Company filed its libel as subcharterer from the American Importing & Transportation Company, charterer from Daniel Bacon, managing owner of the steamer Banes, to recover damages to a cargo of fruit alleged to have been due to the unseaworthiness of the steamer.

The answer of the American Company denied any knowledge or information sufficient to form a belief as to the steamer's seaworthiness. It also filed a petition under rule 59 of the Supreme Court in admiralty (29 Sup. Ct. xlvi) to bring in Daniel Bacon, who executed the charter to it as managing owner of the steamer, and praying that the libelant might recover its damages against him.

Bacon filed an answer to the petition, which set up as a separate defense that on or about November 1, 1909, the Banes Steamship Company, as owner of the steamer Banes, brought suit in the superior court of Suffolk county, Mass., against the American Company to recover charter hire, in which that company set up a claim for damage on the ground of the steamer's unseaworthiness, in which cause it was so proceeded that a judgment was rendered for the plaintiff, establishing the steamer's seaworthiness during the whole term of the charter party, which is res adjudicata between it and the petitioner and a complete defense in bar to the petitioner's claim. Bacon also filed an answer to the libel of the Cuneo Company, alleging that the Banes Company, with which he, as managing owner, was in privity, had maintained the steamer in a seaworthy condition during the whole term of the charter party, except in so far as seaworthiness was prevented by exceptions in it contained.

[1] On this state of the pleadings the cause is to be treated under the fifty-ninth rule as if the libel had originally been filed against both the American Company and Bacon, managing owner.

The American Company excepted, under admiralty rule 35 of the District Court, to this defense, on the ground that it did not touch any matter of defense to the allegations of the petition. January 8, 1917, Judge Mayer entered an order overruling the exceptions and holding the Massachusetts judgment to be a complete defense against the American Company's claim.

March 26th the cause coming on for trial, the American Company admitted the libelant's claim, which was consistent with its attitude in the Massachusetts action, whereupon the libelant moved for a decree against the American Company, and Bacon moved for a dismissal of the petition under the fifty-ninth rule, both of which motions were granted.

Subsequently the American Company took this appeal, assigning, among other things, for error, the overruling of its exceptions to the defense of res adjudicata pleaded by Bacon, the impleaded respondent.

The theory is that the decree in favor of the libelant should have been primarily against Bacon, managing owner, and secondarily against it.

[2] The Cuneo Company now moves to dismiss the appeal, on the ground that the decree was not final. Manifestly it was final, both as to the libelant and as to the American Company. By virtue of it the American Company can never hereafter dispute the right of the Cuneo Company to recover from it, and can never recover from Bacon any sum paid by it under the decree. But, if Bacon was primarily liable for any amount recovered against the American Company by the Cuneo Company, then manifestly it had a right to appeal. Therefore the motion to dismiss the appeal is denied.

[3] This brings us to the merits. Is the American Company entitled to recover of Bacon, managing owner, any sum it may have to pay the Cuneo Company, notwithstanding the Massachusetts judgment? That judgment was res adjudicata between the American Company and the Banes Steamship Company to the effect that the steamer was seaworthy during the whole term of the charter party. It lay upon Bacon, in relying upon the judgment as a defense, to show that he was in privity with the Banes Steamship Company, and therefore entitled to its protection. It being admitted on all hands that the Banes Steamship Company is the owner of the steamer, Bacon could not technically be managing owner. He was, however, president, and did execute the charter on behalf of the owner, and the owner, as well as the American Company, recognized and carried it out. We have therefore no difficulty in holding that he was acting as the authorized agent of the Banes Steamship Company in executing the charter party, although he was technically wrong in describing himself as managing owner. Therefore the Massachusetts judgment was as conclusive between the American Company and Bacon, the managing owner, as it was between that company and the Banes Steamship Company, and was a complete bar to the American Company's claim.

The decree is affirmed.

HOUGH, Circuit Judge (dissenting in part). If I could think this appeal well taken, concurrence on the merits would be necessary, for the judgment of the Massachusetts court is in my opinion a complete adjudication of the whole matter.

The majority ruling on practice, however, makes a precedent which is thought both erroneous and dangerous, inasmuch as one party (American Company) has been substantially permitted to choose how much of the case or what issues therein should be litigated both here and below. That respondent, having been sued for breach of a subcharter, impleaded Bacon, alleging that such breach was his doing or fault. He pleaded to the merits, put both libelant and the impleading respondent to proof of any and all breaches or negligence, and as a separate defense set up the Massachusetts proceedings as res adjudicata. On peremptory exception to that separate defense alone by American Company, the same was upheld; whereupon American Company, tendered or confessed judgment to the libelant, whose proctors then entered a so-called final decree, in which it is recited that the

libel is dismissed as to Bacon "on motion of" Bacon's proctor. There never was any trial or hearing of any issue other than the argument on peremptory exception.

Libelant and original respondent having thus by agreement between themselves produced this condition of affairs, this appeal was taken from the decree and by the party who produced it by confession; and that party seeks in this court to shift the burden of his confession to Bacon, without having afforded to Bacon an opportunity of trying out any of his pleaded defenses on the merits. It might have been said, with a technicality quite foreign to the admiralty, that Bacon, by moving for decree, had abandoned all his other defenses; but that ground of decision does not seem to be relied upon in the prevailing opinion. If this point be laid aside, I believe that the appeal before us should either be dismissed on the ground that what is appealed from is not final, or the decree affirmed because it was confessed by the appellant.

Inasmuch as Bacon's proctor stoutly maintains that he never made the motion attributed to him in a form of decree drawn by libelant's proctor, the situation is warning to a bar careless and rather contemptuous of points of practice; for if this court had differed from the court below as to the effect of the Massachusetts judgment, Bacon would have been in a parlous position, under Bull v. New York & Porto Rico S. S. Co., 167 Fed. 792, 93 C. C. A. 182, certiorari denied 214 U. S. 526, 29 Sup. Ct. 704, 53 L. Ed. 1068.