## THE MILWAUKEE BRIDGE.

(District Court, S. D. New York. October 11, 1922.)

1. **Admiralty ⊜⟹50—Answer denying liability does not preclude petition to bring in others.**

   An answer to a libel denying liability for the damage to a parcel of flour, on the ground that the consignee accepted discharge at the ship's tackles and that the damage occurred thereafter, did not defeat the right of the claimant to bring in, under the fifty-sixth admiralty rule (267 Fed. xxi), the parties responsible for the damage, since the claimant was entitled to the protection of that rule in the event it should ultimately be determined that discharge at ship's tackles did not terminate the contract or that the damage was occasioned theretofore.

2. **Admiralty ⊜⟹50—Denial of liability does not estop claimant from petitioning to bring in another.**

   An answer by claimant, denying liability on the ground that the consignee accepted discharge at the ship's tackles and the damage occurred thereafter, does not estop the claimant from protecting itself against possible invalidity of its answer, either in fact or law, by bringing in, under the fifty-sixth rule (267 Fed. xxi), the party who would ultimately be liable for the damage.

3. **Admiralty ⊜⟹12—Jurisdiction extends to acts performed ashore included in contract of carriage.**

   Where the libel pleaded only a maritime contract of carriage, so that recovery could be had only on such contract, admiralty had jurisdiction to bring in, on the petition of claimants, those who were ultimately liable, if claimants' defense that the consignee accepted discharge at the ship's tackles and that the damage occurred thereafter was not sustained, because discharge was not accepted at the ship's tackles, since the carriage includes the discharge, even though that may embrace acts performed ashore.

In Admiralty. Libel by Warner Moore and others against the steamship Milwaukee Bridge, in which the United States appeared as claimant and filed petition under the fifty-sixth admiralty rule, bringing in the respondents named therein as eventually liable. On exceptions by the respondents to the petition. Exceptions overruled.

Sur exceptions by the respondents to a petition under the fifty-sixth admiralty rule (267 Fed. xxi) bringing in such respondents as eventually liable. The libel was against a ship owned by the United States for damage to a parcel of flour shipped from Newport News to Pernambuco, Brazil. It was based upon delivery in bad order under a bill of lading in usual form.

The United States appeared as claimant and filed an answer, with certain traverses and defenses. Among the defenses it alleged that under the bill of lading the consignee accepted discharge at the ship's tackles and that all the damage, if any, referred to in the libel (with one slight exception), took place after the goods had left the tackles. The United States later filed this petition, bringing in the respondents and alleging that they had been engaged to discharge the vessel at Pernambuco, and that if any damage occurred during the discharge it was due to the default of the respondents in the performance of their engagement.

The exception is based upon two grounds: First, that the answer of the United States is inconsistent with the petition, in alleging that no damage occurred to the flour before discharge from the ship's tackles; second, that the only other damage for which the exceptants could be liable must have been after the contract of carriage was completed, and was therefore not a maritime matter, and not within the jurisdiction of the admiralty.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph Larocque, of New York City, for exceptants.
John L. Galey, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1, 2] The exception based on the claimant's answer is not good. The fact that the defense, if true, would leave no cause of action against the respondents, is irrelevant. The claimant may not be able to sustain the defense, though it of course hopes to be able to do so. If it fails in the defense, it will be subject to a decree, and yet the eventual fault in the discharge may be the respondents'. It is against this possibility that it needs the protection of the petition. The mere allegation of the answer does not, of course, conclude the libelant, who may succeed in showing either that the bill of lading did not determine the ship's liability at her tackles, or that the damage was done before the discharge even if it did. In that case it may turn out that the respondents' negligence was the cause of the loss, and they should pay. Nor does the pleading of such a defense in any way estop the claimant from protecting itself against its possible invalidity either in fact or law. Were it so, it would be hazardous ever to plead any defense at all; any petition could be met by saying that, if the defense were true, the petition must prove fruitless.

[3] The exception on the score of jurisdiction is not good either. If the discharge did not terminate at the tackles, it was none the less maritime till it did terminate, however much more the contract of carriage required, because in such matters the carriage includes the discharge, though that embrace acts done ashore. The Scotia (D. C.) 35 Fed. 916; The Hattie N. Bain (D. C.) 20 Fed. 389; The Gilbert Knapp (D. C.) 37 Fed. 209. If the libelant recovers, it will be upon a maritime contract, because that is all that it has pleaded, and its recovery must be secundum allegata. If the defense be true, and the contract terminated before any damage occurred, the libelant cannot therefore hold the respondents any more than the claimant for subsequent and independent loss, even though they might be responsible for it upon other pleadings in this or in another court. The petition does not enlarge the libelant's case, but only serves to throw upon the respondents the loss, if a recovery can be had against the claimant. Therefore the case is not one where the claimant tries to interject into the litigation an independent nonmaritime controversy.

The exception is overruled.