GREEN, Judge,
delivered the opinion of the court:
The petition recites among other things that on March 2, 1919, Wellington R. Burt, a citizen of the United States and ■a resident of the State of Michigan, died, leaving a will, a copy of which is attached to the petition. On August 13, 1920, the Probate Court for the County of Saginaw, State of Michigan, appointed the plaintiff executor of said will. 'The plaintiff qualified and served as executor until May :24, 1922, when the said court approved its account as executor and pursuant to the will appointed plaintiff as testamentary trustee of the assets of the estate. The plaintiff ■qualified as such trustee and has since acted as such, and is the owner of the claim presented.
The petition further recites in substance that a controversy arose between the plaintiff and the United States Commissioner of Internal Revenue as to the amount of Federal «estate taxes due the United States, and that after certain proceedings had been had between the trustee and the commissioner by which taxes were assessed and a portion thereof refunded, the plaintiff, as trustee, on November 20, 1925, ■brought suit in the Court of Claims asking a refund therein of $510,768.02, which cause was docketed as E-584, and issue was joined on this petition by a general denial entered by ■the Attorney General. *
The petition further states that pending this suit and on June 26, 1926,- the plaintiff and the said commissioner, with the approval of the Secretary of the Treasury, entered into an agreement entitled “Agreement as to final determination and assessment of tax,” whereby it was determined that the amount of tax due was $2,940,568.28, and this determination was accepted by the taxpayer. This *168 agreement resulted in a further refund to the plaintiff by the commissioner on July 15, 1926, of $249,220.14.
The petition further recites that thereafter, on July 21, 1926, counsel for plaintiff in the said cause, E-584, in this court, filed a motion to dismiss that suit, showing that the-claim for refund-sued upon had been reopened by the commissioner, allowed in part, and the amount of the allowance paid to plaintiff, and the parties had entered into an agreement by virtue of section 1106 (b) of the 1926 revenue act consenting to the final determination and assessment of the estate tax, whereupon this court entered an order dismissing said cause as of October 18, 1926, and the said cause was accordingly dismissed.
Plaintiff further avers in the petition that by virtue of' paragraph 22 of the will of the decedent it was to act as-testamentary trustee and to make yearly reports to the decedent’s son as to the condition of the estate; that no such report was made to the son as to the agreement entered’ into between plaintiff and the commissioner; and that the son had no knowledge of the agreement or of the motion to dismiss the case.
The petition also avers that on June 4, 1927, plaintiff filed a claim for refund in the sum of $256,888.61, which was rejected by the commissioner on the ground that the previous agreement above set forth had settled all questions between the parties.
The petition further avers that on November 23, 1927, plaintiff filed a petition in the Probate Court of Saginaw County, Michigan, asking judgment of that court as to whether or not the said “Agreement as to final determination and assessment of tax ” dated June 26, 1926, should be ratified.
The petition further shows that on November 25, 1927, the said probate court ruled that all the taxes assessed and collected on gifts made by the decedent to his children were illegal and that the refund of the said $249,220.14 paid plaintiff as described above was just and valid and formed no consideration for the said agreement and no consideration for the surrender of plaintiff’s claim for further refund.
*169 The petition further recites that the said agreement •of June 26, 1926, was made and entered into by the trustee without power or authority having first been obtained from the probate court and that its action has never been ratified or confirmed by that court, and in its said order, among -other things, the court decreed:
“ * * * that the action of petitioner in beginning said suit in the United States Court of Claims be, and the same is hereby, ratified and confirmed, but not its action in discontinuing said suit.”
Plaintiff further alleges that the commissioner included in 'the gross estate of the decedent certain corporate stocks and bonds which the decedent had transferred by absolute gift to his children prior to the enactment of the revenue act of 1918, and which transfers were not made in contemplation of ■death; also that the commissioner included a cement plant which had been conveyed by the decedent to his son December 31, 1914; and that the wrongful inclusion of the value of this property in the gross estate increased the amount of taxes $256,888.61, for which sum the plaintiff asks judgment.
It will be observed that the instant case is not the first which the plaintiff has begun in this court to recover the amount to which it claims it is entitled as a refund. The •former case was dismissed on October 18, 1926, by the court on motion of the plaintiff itself, and upon a showing that all matters involved in the suit had been fully settled by the parties thereto. The plaintiff now contends that it had no authority to make this motion or the settlement upon which .it was based. Indeed, it is also claimed that the plaintiff had .no authority to commence the action in which judgment was .rendered.
There may be some question as to whether in Michigan a trustee under a will, even though he has full power to take ■charge of the assets in the estate, is authorized to commence a suit which would determine the amount of estate taxes for which the trust estate was liable. But however that may be, there is no question about the authority in this respect now, for if plaintiff had none at the time it commenced the suit, the Probate Court of Saginaw County, Michigan, has by *170 order and decree ratified its action in this respect. Having authority to commence the case through its duly appointed attorneys and the Government having appeared and filed' its answer to its petition, this court unquestionably had jurisdiction over the parties and the subject matter of the casein what the court did subsequently it might have erred, but its judgment must stand until set aside or modified by some direct proceedings. Until this is done the judgment stands of full force and effect.
But the plaintiff has not in any way attempted to set aside or modify the original judgment by any direct proceedings. No motion has been filed to set that judgment aside. The argument that it is of no effect is based on- the contention that the plaintiff! had no authority to enter into any such settlement or to file a motion to dismiss the case. Conceding' for the sake of the argument, and for that purpose only, that plaintiff did not have such authority, it would only show that the court erred in entering the judgment without having before it some evidence of the plaintiff’s authority so to act. But this does not affect the validity of the judgment. It dismissed the plaintiff’s case upon the merits and the claim now set up in the case at bar is res adjucUcata.
The views above set forth make it unnecessary for this court to consider whether the plaintiff, in its capacity of trustee in charge of the estate, had authority to commence the former suit in this court without directions from the Probate Court of Michigan; whether in any event the plaintiff can hold the money refunded to it through the settlement of the former case and ignore the judgment therein by commencing this new suit; and other matters that have been suggested as meriting serious consideration.
The demurrer must be sustained and the petition dismissed. It is so ordered.
Moss, Judge; and Booth, Chief Justice, concur.
Geaham, Judge, took no part in the decision of this case.