### THE MILWAUKEE BRIDGE.

#### CORY BROS. & CO., Limited, v. UNITED STATES.

District Court, S. D. New York.
June 25, 1930.

Choate, Larocque & Mitchell and Joseph Larocque, all of New York City, for libelant.

Charles H. Tuttle, U. S. Atty., and William E. Collins, Sp. Asst. to U. S. Atty., both of New York City.

GODDARD, District Judge.

In Admiralty. Exceptions to libel. The libelant seeks to recover $8,615.49 which it alleges it was compelled to expend in defense of a suit in admiralty, and which the respondent, the United States of America, has declined to refund to it.

#### Facts.

In September, 1919, Warner Moore & Co. shipped a cargo consisting of 23,000 bags of flour on the steamship Milwaukee Bridge from Newport News, Va., to the port of Pernambuco, Brazil, and the United States, the owner of the vessel, employed Cory Bros. & Co., Limited, to act as its agent for the ship and its owner upon the ship's arrival at Pernambuco, and to attend to the discharge of the cargo at that port.

In January, 1920, the consignors of the flour filed a libel against the steamship Milwaukee Bridge to recover $135,000 damages alleged to have been sustained as a result of the deterioration and damage which occurred while it lay for four months at Pernambuco by reason of the action of the department of health and the custom authorities at the city of Pernambuco.

On June 8, 1922, upon the petition of the United States, Cory Bros. & Co., Limited, were impleaded in that suit under the Fifty-Sixth Rule in Admiralty. In its petition, the United States alleged that, if libelant sustained any loss, except some 50 bags which concededly were damaged on board the ship and which is now immaterial, it was due to the negligence and fault of Cory Bros. & Co., Limited, in handling the cargo after its discharge from the vessel, who were liable for whatever damage the libelant may have sustained. On January 17, 1923, Cory Bros. & Co., Limited, filed its answer to that libel. In the present libel Cory Bros. & Co., Limited, allege that "thereafter at the special instance and request of the United States of

America, Cory Bros. & Co., Ltd. co-operated to the fullest extent possible in preparing the defense and in taking the deposition of witnesses before trial both in Pernambuco and in New York. In that connection Cory Bros. & Co., Ltd. * * * expended a substantial amount in counsel fees and disbursements." After trial upon the original libel against the steamship Milwaukee Bridge and Cory Bros. & Co., Limited, respondent impleaded, the libel was dismissed (D. C.) 15 F.(2d) 249, on December 10, 1926, and on May 31, 1928, the decree dismissing the libel was affirmed by the Circuit Court of Appeals, 26 F.(2d) 327, and a petition of certiorari was denied by the Supreme Court on October 22, 1928, Moore v. U. S., 278 U. S. 632, 49 S. Ct. 31, 73 L. Ed. 550.

■■ The libelant contends that the case at bar is within the rule of Bibb v. Allen, 149 U. S. 481, 13 S. Ct. 950, 37 L. Ed. 819, but the theory upon which that case rests is that the disbursements were "made for or for the benefit of his principal," while the present libelant was defending itself from a charge of its own negligence. There is no allegation that these disbursements were made at the request of the United States for its benefit, or that there was any agreement by the United States that it would refund them. The allegation in the libel is that "at the special instance and request of the United States of America, Cory Bros. & Co., Ltd. co-operated to the fullest extent possible in preparing the defense. * * *" In the case of Powell v. Trustees of Village of Newburgh, 19 Johns. (N. Y.) 284, cited by the libelant as authority for the libelant's right to recovery, expenses incurred by the trustees in defending the suit were allowed to them from the trust estate, but in that case the defendants were sued as "the Trustees of the Village of Newburgh," and were not defending themselves from individual liability. Moreover, there is a distinction between the relationship of a trustee cestui que trust and that of principal and agent. There is also a general rule that expenses of necessary litigation carried on by a trustee are payable out of a trust estate rather than by the trustee personally. 39 Cyc. p. 340.

■ When a party is impleaded under Rule 56 in Admiralty, it is provided that, after the petition to bring in the impleaded

party has been granted and process issued and duly served, "such suit shall proceed as if such vessel or person had been originally proceeded against." The case is to be treated as if the libel had been filed originally against the original respondent and the respondent impleaded. Cuneo Importing Co. v. American Importing & Transportation Co. (C. C. A.) 247 F. 413. The purpose of the rule is to authorize a respondent or claimant, as the case may be, to bring in any other person or vessel partly or wholly liable either to the libelant or to such respondent or claimant by way of remedy over contribution or otherwise growing out of the same matter. Benedict on Admiralty (5th Ed.) § 359.

In substance, what has taken place is that the United States, upon being sued by the shipper for damages in handling the cargo, answered by denying any liability on its part, and then, by appropriate procedure, brought in Cory Bros. & Co., Limited, which company the United States says, and not it, is liable if the cargo was damaged. In such a situation, it seems to me that the Cory Company was called upon to defend itself from the charge of negligence and was not in court in the capacity of an agent or trustee to protect its principal, though quite probably, if the Cory Company proved they were guilty of no negligence, this would incidentally relieve the United States, their principal, from liability, and it is, of course, true that, had the suit gone against the United States, it would have had the right to recover from Cory Bros. & Co., Limited. Therefore it reduces itself to this, Can there be read into the maritime contract between the United States and Cory (it was held to be a maritime contract in The Milwaukee Bridge [D. C.] 291 F. 711) an implied obligation on the part of the United States to reimburse Cory Bros. & Co., Limited, for expenses incurred in defending themselves (Cory Bros.) in a suit wherein Cory Bros. & Co., Limited, are charged with negligence in handling the cargo? I think not, and, if correct, a court of admiralty has no jurisdiction of this suit, for its jurisdiction of the present controversy, if it exists, must be founded upon the proposition that such an obligation was a part of that maritime contract.

Accordingly, the respondent's exception to the jurisdiction is sustained, and the libel dismissed.