METROPOLITAN SAND & GRAVEL CORPORATION v. PETTERSON LIGHTERAGE & TOWING CORPORATION et al. (two cases).

The G-G 37.

Nos. A-17681, A-17682.

District Court, E. D. New York.

May 10, 1946.

736

Macklin, Brown, Lenahan & Speer, of New York City, for libelant.

Kirlin, Campbell, Hickox & Keating, of New York City, for respondent Petterson Lighterage & Towing Corp.

Crowell & Rouse, of New York City (George L. Varian, of New York City, of counsel), for respondent-impleaded Todd Shipyards Corporation.

BYERS, District Judge.

Hearing on exceptions to impleading petition filed by respondent named in a libel by the owner of the scow G-G 37, alleging that the respondent returned the said scow at the end of a charter period in damaged condition not the result of ordinary wear and tear.

The challenged pleading accompanied an answer denying knowledge or information, etc., concerning the return of the scow in damaged condition; in the said petition, by which the Todd Shipyards Corporation is sought to be made a party under Admiralty Rule 56, 28 U.S.C.A. following section 723, a sub-charter of the scow is alleged and the delivery thereof in good and seaworthy condition to the Todd Shipyards Corporation. The presently important allegation is: "Eighth: The scow remained under sub-charter to Todd Shipyards Corporation during the entire period of time during which she was under charter to the petitioner, and if the scow was returned to the libelant in a damaged condition, such damage occurred while the scow was in the control and possession of Todd Shipyards Corporation."

The exception is addressed to the failure of the petition to allege negligence on the part of the respondent-impleaded.

The position of the respondent is that it is without information as to what happened to the scow while it was under subcharter and therefore it ought not to be called upon to allege what it is not in a position to prove. The embarrassment of one in the position of the respondent is expounded in The Milwaukee Bridge, D.C., 291 F. 711.

This situation is not unlike that presented in The Jane Anne, D.C., 45 F.Supp. 754, decided by Judge Abruzzo in this Court. At final hearing decree was rendered against the respondent-impleaded, holding it primarily liable, which was affirmed, 2 Cir., 142 F.2d 197.

The ruling on the exception to the impleading petition, in that case, will be followed here.

It is not apparent why this respondent should be called upon to assume a wider burden of proof than the libelant and, since under the facts alleged in the impleading petition, it would appear that the damage, if any, must have been caused under circumstances concerning which the respondent has no information, no good reason appears for requiring it to allege that which it may not be able to prove.

The Roslyn, 2 Cir., 93 F.2d 278, points out at pages 280 and 281 "the difference between a good libel * * * and a good prima facie case in support of the libel", and the opinion continues to expound the requirements of proof.

This respondent-impleaded must be in a position to plead the facts as known to it, and to prepare its case to meet proof of delivery to it of the scow in good condition, and its return in damaged condition as alleged.

Exceptions overruled. Settle order.